A93A1107. HAMILTON v. THE STATE.
(436 SE2d 522)

POPE, Chief Judge.

Defendant Timothy B. Hamilton appeals his conviction for statutory rape. Construing the evidence in the light most favorable to support the verdict, the evidence presented at trial showed that defendant had sex with the victim, a 12-year-old female who was not his spouse at that time. The female later gave birth to a child and claimed defendant was the child's father. Shortly before defendant's trial, defendant and the victim married.

1. Defendant argues that the trial court committed reversible error by compelling the testimony of the victim in this case because the testimony of a wife is not compellable against her husband. OCGA § 24-9-23 (a) provides that a spouse is considered a competent witness but not compellable. Subsection (b) of that same statute, however, further provides that the privilege created in subsection (a) is not applicable when the other spouse is charged with a crime against a minor child. In that situation, the spouse's testimony is "compella-

ble to give evidence only on the specific act for which the defendant is charged." OCGA § 24-9-23 (b). This case presents the unusual circumstance in which the spouse is also the minor victim. Our legislature has determined that the public policy of protecting this State's children against crimes outweighs the policy of protecting the harmony and unity of marriage. We see no reason why the public policy considerations should be any different when the victim and the spouse are the same person. Accordingly, we hold the trial court correctly ruled that the victim/spouse's testimony could be compelled concerning the crime for which defendant was charged pursuant to OCGA § 24-9-23 (b).

2. Defendant contends the trial court erred by allowing the victim/spouse to testify about a conversation she had with defendant after the first day of trial. Defendant did not object to this testimony at trial and cannot raise this issue for the first time on appeal. *Wadsworth v. State*, 209 Ga. App. 333, 334 (3) (433 SE2d 419) (1993).

3. We find no merit in defendant's contention that the trial court abused its discretion by allowing a police officer of the City of Rome to testify about statements made to her by the victim describing sexual contact with defendant. Pursuant to OCGA § 24-3-16, "[a] statement made by a child under the age of 14 years describing any act of sexual contact . . . performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." The child victim was available to testify and did testify during trial. Furthermore, when we consider the ten factors that this court has generally looked at when determining if the statement of the child under the circumstances has an indicia of reliability, we hold that the trial court correctly determined the statement was reliable. See *Gregg v. State*, 201 Ga. App. 238, 240 (2) (b) (411 SE2d 65) (1991).

4. Defendant also argues that the trial court committed reversible error by allowing an investigator in the Child Protective Services Unit of the Department of Family & Children Services to testify about statements the child victim made concerning the defendant being the father of her child. The investigator was present during the child victim's interview with the police officer discussed in Division 3 and the complained of statement was made during the same interview. Accordingly, this contention is governed by our holding in Division 3.

5. Finally, defendant argues the trial court erred by failing to declare a mistrial when the investigator from DFCS testified that the victim is receiving public assistance for her child and that the victim would not be receiving as much money in assistance if the defendant was supporting the child. Defendant failed to object to this testimony

and did not ask the trial court to declare a mistrial. On its own the trial court intervened during that questioning. The trial court told the prosecutor not to continue that line of questioning and instructed the jury to disregard all testimony concerning child support because the support of the victim's child was not an issue in this case. The trial court properly admonished the State's attorney for pursuing this line of questioning and corrected any prejudicial error to defendant through its instructions to the jury. Furthermore defendant failed to object to this testimony at trial and cannot raise this issue for the first time on appeal. *Wadsworth*, 209 Ga. App. at 334 (3).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 27, 1993.

*Duffey & Duffey, Harl C. Duffey III*, for appellant.

*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.