A09A1493. PECK v. THE STATE.
(685 SE2d 367)

SMITH, Presiding Judge.

Jerry Peck appeals from his conviction for sexual exploitation of a child and distributing obscene material. He contends that insufficient evidence supports his convictions because the State failed to prove venue. He also asserts that the trial court erred by admitting evidence of prior difficulties between himself and the victim, permitting the victim to testify in violation of the privilege against spousal testimony, and denying his motion for a mistrial after allowing improper impeachment evidence. Because the State failed to prove venue, we must reverse this case for a new trial.

1. The State charged Peck with sexual exploitation of children by knowingly possessing and controlling photographs that depicted a 17-year-old minor exposing her breasts and touching a penis. The State also charged Peck with distributing obscene material by giving and disseminating the same photographs to the drug store that developed them. The only evidence of venue presented in this case is the name of the road where the drug store was located and an investigating police officer's testimony that he worked for the Gainesville Police Department. This evidence fails to establish venue in Hall County. *Quezada-Barrera v. State*, 295 Ga. App. 747 (673 SE2d 126) (2009). While we must therefore reverse Peck's convictions,

> [w]e note that if a criminal conviction is reversed because of an evidentiary insufficiency concerning the procedural pro-

priety of laying venue within a particular forum, and not because of an evidentiary insufficiency concerning the accused's guilt, retrial is not barred by the Double Jeopardy Clause.

(Citation and punctuation omitted.) *McKinney v. State*, 294 Ga. App. 366, 370 (4) (670 SE2d 147) (2008).

Because some of the evidentiary issues raised in this appeal may arise in another trial, we will address them.

2. Peck asserts the trial court erred by admitting evidence of the victim's history of drug use as "prior difficulty evidence."

[E]vidence of prior difficulties between the defendant and the alleged victim must have some probative connection with the incident giving rise to the case being tried, some link of association, something which draws together the preceding and subsequent acts, something which gives color of cause and effect to the transaction, and sheds light upon the motive of the parties.

(Citation and punctuation omitted.) *Carr v. State*, 267 Ga. 701, 706-707 (4) (482 SE2d 314) (1997). Peck correctly points out that the victim's history of drug use was not relevant to prove a material issue in dispute and failed to show any prior difficulties between Peck and the victim. As a result, the trial court should not have admitted it as prior difficulty evidence. See id.

3. Peck asserts the trial court erred by concluding that the victim, whom he subsequently married, could be compelled to testify against him in violation of the privilege against spousal testimony embodied in OCGA § 24-9-23. This Code section provides:

(a) Husband and wife shall be competent but shall not be compellable to give evidence in any criminal proceeding for or against each other.

(b) The privilege created by subsection (a) of this Code section or by corresponding privileges in paragraph (1) of Code Section 24-9-21 or subsection (a) of Code Section 24-9-27 *shall not apply in proceedings in which the husband or wife is charged with a crime against the person of a minor child*, but such person shall be compellable to give evidence only on the specific act for which the defendant is charged.

(Emphasis supplied.) Peck asserts that the crimes with which he was charged do not qualify as crimes "against the person of a minor child" within the meaning of subsection (b).

"In determining the scope of this statutory privilege, we must look diligently for the intention of the General Assembly. OCGA § 1-3-1. Where the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden." (Citation and punctuation omitted.) *State v. Peters*, 213 Ga. App. 352, 354 (444 SE2d 609) (1994). We therefore must first examine the offenses with which Peck was charged to determine if they fall within the meaning of "crime against the person of a minor child."

OCGA § 16-12-80 (distributing obscene materials) prohibits a person from disseminating "obscene material of any description" and the definition of obscene material makes no reference to minor. As a result, we cannot construe it as a crime "against the person of a minor child" within the plain meaning of OCGA § 24-9-23 (b).

The portion of OCGA § 16-12-100 (sexual exploitation of children) with which the State indicted Peck prohibits knowing possession or control of "any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." OCGA § 16-12-100 (b) (8). While this subsection prohibits knowing possession, the material possessed must depict minors engaged in sexually explicit conduct.

"[T]he cardinal rule to guide the construction of laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose." (Citations and punctuation omitted.) *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). In *Hamilton v. State*, 210 Ga. App. 398, 399 (1) (436 SE2d 522) (1993), we concluded that "[o]ur legislature has determined that the public policy of protecting this State's children against crimes outweighs the policy of protecting the harmony and unity of marriage."

In this case, the pictures show a minor personally engaged in sexually explicit conduct. Based upon the public policy expressed in OCGA § 24-9-23 (b), the particular pictures involved in this case, and the specific subsection of OCGA § 16-12-100 with which Peck was charged, we find that Peck's charge of sexual exploitation of children qualifies as a crime against the person of a minor. Consequently, the trial court did not err by concluding that the victim could be compelled to testify against her husband with regard to that charge.

4. Peck's remaining enumeration of error is rendered moot by our holding in Division 2.

*Judgment reversed. Phipps and Bernes, JJ., concur.*

DECIDED OCTOBER 7, 2009.

*Anne L. Watson, Travis A. Williams*, for appellant.
*Lee Darragh, District Attorney, Wanda L. Vance, Assistant District Attorney*, for appellee.