## A09A2187. SHERMAN v. THE STATE.
(690 SE2d 915)

ADAMS, Judge.

Eugene Sherman II was charged by accusation with criminal trespass, family violence battery, family violence simple battery, and cruelty to children in the third degree arising out of an incident of violence between Sherman and his estranged wife. The jury found Sherman guilty of simple battery and trespass but not guilty on the other charges. Sherman contends the trial court erred with regard to three evidentiary issues and one jury charge.

Construed in favor of the verdict the evidence shows that Sherman and his wife Vericka were separated and that they exchanged physical custody of their three children on Sunday afternoons. On Sunday, May 25, 2008, Sherman drove to Vericka's apartment and rang the doorbell, and Vericka, who was on the phone, let him in. Sherman was angry because Vericka was on the phone, and he threw her phone out a window and started choking her. He slammed her on the floor and continued to punch and choke her. An officer witnessed red marks on Vericka's arm and right elbow. There was evidence that the ten-year-old son heard his parents fighting. Sherman appeared to leave but then hit and broke a window in the children's room of the apartment in an effort to find one of his children. Sherman admitted breaking the window and having entered through the same window on a prior occasion.

1. Sherman contends the trial court erred by compelling Vericka to testify after she invoked her marital privilege. The trial court ruled that she was required to testify under the statutory exception to the privilege that applies "in proceedings in which the husband or wife is charged with a crime against the person of a minor child. . . ." OCGA § 24-9-23 (b). Sherman was charged with cruelty to children in the third degree under OCGA § 16-5-70 (d). That Code section outlaws an aggressor from allowing or having knowledge of a child witnessing certain crimes including family violence. A person commits the offense when:

> (1) Such person, who is the primary aggressor, intentionally allows a child under the age of 18 to witness the commission of a forcible felony, battery, or family violence battery; or
> (2) Such person, who is the primary aggressor, having knowledge that a child under the age of 18 is present and sees or hears the act, commits a forcible felony, battery, or family violence battery.

The issue here is whether OCGA § 16-5-70 (d) is a "crime against

the person of a minor child," given that no physical contact is involved.

This Court recently held that the crime of sexual exploitation of children by knowingly possessing and controlling photographs that depict a minor or a portion of a minor's body engaged in sexually explicit conduct under OCGA § 16-12-100 (b) (8), was a "crime against a person of a minor child" for the purposes of the exception to the marital privilege. *Peck v. State*, 300 Ga. App. 375 (685 SE2d 367) (2009). The Court reasoned that because the pictures at issue depicted a minor engaged in sexually explicit conduct, and because the legislature has determined that "the public policy of protecting this State's children against crimes outweighs the policy of protecting the harmony and unity of marriage," the crime qualified as a crime against the person of a minor. Id. at 377 (3). See also *Hamilton v. State*, 210 Ga. App. 398, 399 (1) (436 SE2d 522) (1993) (policy). The Court did not base its decision on a finding of physical contact between the defendant and the minor depicted in the photograph. *Peck*, 300 Ga. App. at 377 (3).

Here, the trial court construed the term "crime against the person of a minor child" as intending to distinguish crimes against the property of a minor; it also reasoned that the phrase "against the person of a minor" was not restricted to physical contact but could also include mental or emotional pain.

"[T]he cardinal rule to guide the construction of laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose." (Citations and punctuation omitted.) *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). In addition to the policy stated in *Hamilton*, the legislative intent can be gleaned from various sources. First, OCGA § 16-5-70 is found in Title 16, Chapter 5 of the Criminal Code and that chapter is entitled "Crimes Against the Person." Second, OCGA § 16-5-70 specifically includes "mental pain" in its felony provisions. Third, under Sherman's reasoning, one form of simple assault would not be considered a crime against a person. Simple assault includes "an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2). Yet simple assault is certainly a crime against a person despite the lack of physical contact. For these reasons, we conclude that a charge of cruelty to children in the third degree under OCGA § 16-5-70 (d) triggers the exception to the marital privilege for a "crime against the person of a minor child."

2. Sherman contends the trial court improperly prevented him from asking Vericka during cross-examination, "What is the maximum penalty for perjury?" The State objected, and the court sustained the objection on the ground that it called for a legal

VALDELAW LIBRARY

opinion. Sherman's counsel then was allowed to ask "Do you want to be convicted of or punished for perjury?" as well as other questions about whether she had changed her story.

The trial court did not abuse its discretion by prohibiting the witness from testifying as to what the law is. *Cheesman v. State*, 230 Ga. App. 525, 527-528 (4) (497 SE2d 40) (1998); *Taylor v. State*, 204 Ga. App. 489 (3) (419 SE2d 745) (1992). Furthermore, the mere fact that Sherman was unable to question Vericka about the punishment for perjury did not diminish his effort to suggest that she had a motive to keep her testimony consistent with earlier statements that she had made. See, e.g., *Hodo v. State*, 272 Ga. 272, 275 (4) (528 SE2d 250) (2000). The case of *State v. Vogleson*, 275 Ga. 637 (571 SE2d 752) (2002), is not on point. That case concerns the right to cross-examine a co-indictee on the scope of the deal he negotiated with the State in exchange for his testimony against the defendant.

3. Sherman contends the trial court erred by refusing to charge on "grave suspicion," which charge is entitled "Bare Suspicion" in the pattern jury instructions.[1] But the evidence raised more than a bare suspicion of guilt. *Hodo*, 272 Ga. at 275 (6). Here, Sherman admitted that he was present, that an altercation occurred, that he broke a window, that he threw Vericka's phone out a window, and that he grabbed her. Also, Vericka had red marks on her arms, and she ran to a neighbor's house for help immediately after the incident. "A defendant is not entitled to a charge on bare suspicion where the evidence raises more than a mere suspicion of his guilt. *Horne v. State*, 260 Ga. App. 640, 643 (5) (580 SE2d 644) (2003)." *Dulcio v. State*, 297 Ga. App. 600, 602 (2) (677 SE2d 758) (2009). "Furthermore, because the trial court gave complete instructions on reasonable doubt and the presumption of innocence, the charge as a whole covered the principles of law embodied in the 'bare suspicion' charge." (Citation omitted.) Id. The trial court did not abuse its discretion in denying Sherman's request for the charge.

4. Finally, Sherman contends the court erred by compelling his son to testify over his, Sherman's, objection. He argues that OCGA § 24-9-27 (a) applies. That Code section provides:

> No party or witness shall be required to testify as to any matter which may criminate or tend to criminate himself or which shall tend to bring infamy, disgrace, or public contempt upon himself or any member of his family.

---

[1] See Georgia Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.20.20 ("Facts and circumstances that merely place upon the defendant a grave suspicion of the crime charged or that merely raise a speculation or conjecture of the defendant's guilt are not sufficient to authorize a conviction of the defendant.").

But the Supreme Court has made clear that the rule does not apply "if the proposed evidence is material to the issues in the case" as opposed to "where the proposed answer has no effect on the case except to impair the witness' credibility." *Brown v. State*, 242 Ga. 536, 538-539 (3) (250 SE2d 438) (1978). Here the son's testimony was material to the issues in that he knew his father had broken the window, and he gave a statement to the police that he had overheard his parents fighting. Again, we find no abuse of discretion.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED FEBRUARY 11, 2010 — 

*David C. Abbott*, for appellant.

*Charles A. Spahos, Solicitor-General, Jefferson F. Upchurch, Assistant Solicitor-General*, for appellee.