## S11A0622. GREENWOOD v. GREENWOOD.

(709 SE2d 803)

Melton, Justice.

Donald J. Greenwood (Husband) and Joan M. Greenwood (Wife) were divorced by a final decree entered on November 6, 2008. Pursuant to this decree, Husband was awarded the marital residence; however, the decree required him to refinance the residence prior to October 1, 2009 in order to remove Wife completely from the mortgage on the home. In relevant part, the divorce decree provides:

> [Husband] shall timely refinance the marital residence, on or before October 1, 2009 so as to completely remove the Wife from any liability relating to the underlying mortgage with Chase Mortgage Company. In making this award, the Court is relying upon the assurances made by [Husband] that he can and will timely complete the release of [Wife] from liability on the mortgage by refinance or that he will sell the marital home. In the event that [Husband] is unable or unwilling to timely complete such refinancing, or sale by October 1, 2009, the Court finds that such failure would reasonably impair the ability of [Wife] to procure her own future home mortgage financing and therefore would reasonably require that she has additional monetary assets of her own. Therefore, in addition to all other remedies provided by law connected with the enforcement of this judgment, if [Husband] fails to refinance the marital residence solely in his own name, or to otherwise remove [Wife] from any liability on the Chase mortgage by October 1, 2009, then [Husband] shall pay as a penalty, the sum of $10,000.00 to [Wife], due and payable, in full on October 2, 2009. This penalty payment shall be in addition to [Husband's] obligation to remove [Wife] from any liability relating to the underlying mortgage with Chase Mortgage Company by refinance or sale which obligation shall continue in all events.

Husband did not refinance the home as required, and he did not pay Wife any penalty. Wife filed a motion for contempt on June 29, 2010. After a hearing, the trial court entered a final order on September 21, 2010. In this order, the trial court found: (1) Husband's failure to refinance placed him in wilful contempt and triggered the $10,000 penalty provision set forth in the decree; (2) rather than an immediate payment, the penalty would be converted into a lien against the marital residence; and (3) due to current market conditions, the trial court would not force the sale of the residence to remove Wife from the mortgage.[1]

Thereafter, Wife filed an application for discretionary review of the trial court's ruling. We granted the application and directed the parties to address the following two questions: (1) whether the trial court improperly modified the divorce decree in this contempt action by imposing a lien on the marital residence instead of requiring Husband to pay Wife $10,000 as the penalty for his failure to comply with the provision of the divorce decree requiring that he refinance the marital residence or sell the house to remove Wife's name from any liability on the mortgage by October 1, 2009; and (2) whether the trial court improperly modified the divorce decree by ruling that Husband has a reasonable period of time, including some period of time beyond October 1, 2009, to remove Wife from any liability on the mortgage either by the sale or refinancing of the marital residence. For the reasons set forth below, we find that the trial court erred in both instances.

In matters such as this, "[w]hile the trial court has broad discretion to determine whether [a divorce] decree has been violated and has authority to interpret and clarify the decree, it does not have the power in a contempt proceeding to modify the terms of the . . . decree." (Citation omitted.) *Dohn v. Dohn,* 276 Ga. 826, 828 (584 SE2d 250) (2003). "[A] trial court has broad discretion to enforce the letter and the spirit of the decree, but the court must do so without modifying the original judgment that is being enforced." *Darroch v. Willis,* 286 Ga. 566, 570 (3) (690 SE2d 410) (2010). "It is the function of the court to construe the contract as written and not to make a new contract for the parties." (Citation and punctuation omitted.) *Roquemore v. Burgess,* 281 Ga. 593, 595 (642 SE2d 41) (2007). "The test to determine whether an order is clarified or modified is whether the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modifica-

---

[1] In addition, the trial court found that Wife had not fully transferred the entirety of her interest in the marital home to Husband by quitclaim deed, as required. The trial court also awarded attorney fees to Wife based on Husband's wilful contempt. These rulings are not at issue in this appeal.

tion." (Citation and punctuation omitted.) *Cason v. Cason*, 281 Ga. 296, 297 (1) (637 SE2d 716) (2006).

With this in mind, it becomes clear that the trial court improperly modified the divorce decree by converting Husband's penalty for failure to remove Wife from the mortgage by an explicitly-stated deadline into a lien on the marital residence. The decree provides that, "if [Husband] fails to refinance the marital residence solely in his own name, or to otherwise remove [Wife] from any liability on the Chase mortgage by October 1, 2009, then [Husband] shall pay as a penalty, the sum of $10,000.00 to [Wife], *due and payable, in full on October 2, 2009.*" (Emphasis supplied.) A lien on the marital home that may possibly be recouped at some indeterminate time in the future "is so contrary to the apparent intention of the original order [for an immediate payment of the penalty] as to amount to a modification." *Cason*, supra, 281 Ga. at 297 (1). As such, the trial court's ruling in this regard must be reversed.[2]

The same is true of the trial court's ruling that Husband should be allowed a reasonable time to sell the home due to market conditions. The trial court held that: "It is clear that the Decree does provide that the marital residence be sold; however, it does not particularly set forth any time parameters. The Court can imply a reasonable period of time, given the market conditions right now."[3] The divorce decree clearly contemplates that the marital home would be refinanced or sold no later than October 1, 2009. The decree does not condition the sale or refinance on market conditions. To the contrary, it is premised "upon the assurances made by [Husband] that he can and will timely complete the release of [Wife] from liability on the mortgage by refinance or that he will sell the marital home." As a result, the trial court's ruling, which extends Husband's time limit to sell or refinance indefinitely, does not enforce either the letter or the spirit of the original decree. As such, it is an improper modification, and it must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 26, 2011.

---

[2] Here, the lien imposed by the trial court was in lieu of the penalty set forth in the divorce decree. We do not address the issue of whether, once the penalty is imposed, it may thereafter be enforced by a lien.

[3] We are sympathetic with the trial court's concern regarding the hardship a down market may place on Husband. The trial court's original order, however, does not make concessions for market conditions, and the trial court did not find that Husband's compliance was impossible. Therefore, Husband's obligation to refinance or sell remains.

*Alan Mullinax, Zachary R. Stepp, Tamela L. Adkins*, for appellant.

Donald J. Greenwood, *pro se*.