## S11A0965. GUAJARDO v. THE STATE.
### (718 SE2d 292)

HUNSTEIN, Chief Justice.

Nelson Guajardo was convicted of felony murder, three counts of aggravated assault, and three counts of possession of a firearm during the commission of a crime in connection with the shooting death of Derek King.[1] He appeals the trial court's denial of his motion for new trial.

---

[1] The crimes occurred on May 6, 2007. Appellant was indicted in Clayton County on charges of malice murder, felony murder, three counts of aggravated assault, and three counts of possession of a firearm during the commission of a crime. He was found guilty of felony murder, aggravated assault, and the firearm charges. The trial court merged the conviction for the aggravated assault of King into the felony murder conviction and sentenced appellant to

1. Viewed in the light most favorable to the verdict, the evidence at trial showed that appellant and Diondra Taylor had been involved in a relatively large-scale drug operation together in 2005 and 2006. After a trailer load of marijuana was seized by police in November 2006, an argument arose between the two men as to whether appellant owed Taylor approximately $18,000, resulting in a number of confrontations over the next few months.

Despite their ongoing dispute, appellant, Taylor, Ward, and King gathered for drinks at an apartment shared by Taylor and Ward on the evening of May 5, 2007. They parted amicably when Taylor, Ward and King left to attend a party and appellant went in a separate direction. Later that night, Ward went to a nearby convenience store for beer and ice and met up with appellant by chance. Ward returned to the party with appellant. It is undisputed that all of the men were drinking and using drugs at the party, and several party guests saw appellant with a silver .40 caliber pistol equipped with a laser beam and filled with hollow point bullets.

In the early morning hours of May 6, 2007, all four men left the party and returned to Taylor and Ward's apartment. Appellant and King continued drinking in the living room while Taylor and Ward retired to their bedrooms. After a few moments, a physical altercation broke out between appellant and King regarding the seized trailer of drugs.[2] Taylor and Ward entered the room and broke up the fight and asked appellant to leave. After appellant left, Taylor and Ward returned to their bedrooms, and King stood near the patio door to smoke a cigarette.

A short time later, a car sped through the apartment complex, and Taylor and Ward heard gunshots. Taylor looked out his bedroom window and saw appellant's car driving away. Meanwhile, King ran into the hallway leading to the bedrooms, yelling that he had been shot. King died of his wounds several hours later.

At his trial, appellant testified on his own behalf claiming he had acted in self-defense. He asserted that as he left the apartment after the altercation, Taylor followed him to his car pointing a gun at him. Appellant testified that Taylor shot at him once and that he wildly

---

life in prison. In addition, it sentenced appellant to two 20-year terms for the aggravated assaults of Diondra Taylor and Collinicus Ward to run concurrent with each other and consecutive to the felony murder sentence. The trial court also sentenced appellant to three consecutive five-year sentences for the firearm possession convictions. Appellant's motion for new trial, filed March 12, 2010 and amended March 23, 2010 and March 29, 2010, was denied December 10, 2010. A notice of appeal was filed January 3, 2011. The appeal was docketed for the April term in this Court and was orally argued June 14, 2011.

[2] Although King was not involved in the drug operation with appellant and Taylor, appellant believed King had told Taylor and others that appellant informed police about the trailer of marijuana, leading to its seizure.

fired back six shots as he drove away.

The police did not find any weapons in the apartment during their investigation. However, a number of .40 caliber bullets, bullet jackets, and casings were recovered from the scene.

The evidence in this case was sufficient for the jury to conclude beyond a reasonable doubt that appellant was guilty of the charges for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant argues that the jury's guilty verdicts should be reversed as inconsistent with the acquittal on the malice murder charge. We abolished the rule against inconsistent verdicts in *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986). While appellant acknowledges that inconsistent verdicts do not necessarily require reversal, he argues that his case falls under the narrow exception to that rule recognized in *Turner v. State*, 283 Ga. 17 (2) (655 SE2d 589) (2008). Under that exception, reversal of an inconsistent verdict may occur in the rare instance where, instead of being left to speculate as to the jury's deliberations, the appellate record makes transparent the jury's rationale.

Early in its deliberations, the jury sent a note to the trial court asking whether it would be "possible to find defendant not guilty on Count I [malice murder] due to self-defense, but find guilty on other counts." After some discussion with both counsel, the court answered that it is possible. It then clarified by stating, "You should consider self-defense on all counts though and then you'd have to make a decision whether it applies to each count." Later, the jury asked for the written legal definition of malice murder. The trial court read the definition to the jury again, but did not provide it in writing. The trial court then offered the following explanation to the jury:

> I'm going to read you the definition of malice murder again, but not give it to you in writing. The reason I'm doing that is that the entire charge is not in writing and if I give you just a portion of it in writing, I'm concerned that you, it'd be placing undue emphasis on one portion of it. You should consider the entire law, the entire charge that I gave you.

Following each recharge to the jury, the trial court asked if there were any exceptions, and neither counsel for the State nor appellant's trial counsel made any exception or objection.

Appellant asserts that the jury's question regarding whether it was possible to find appellant not guilty on the malice murder count due to self-defense, but still find him guilty on other counts, exposes the jury's rationale for acquittal and its inconsistency with the guilty

verdicts. We disagree. Appellant's argument ignores the fact that the jury later sent another request to the trial court asking for a written legal definition of malice murder. Moreover, even if the jury had asked only the one question regarding the effect a finding of justification on one charge would have on its findings on the other charges, the question itself does not make the reasoning behind the jury's verdict transparent. The questions simply indicate that the jury was attempting to understand the law as fully as possible before reaching its verdict.

We find that the case at issue does not fall within the narrow exception to the inconsistent verdict rule. The jury's questions to the trial court during its deliberations are not sufficient to make its reasoning transparent, and we will not engage in speculation or unauthorized inquiry regarding its deliberations. See *Turner*, supra, 283 Ga. at 20.

3. Appellant next argues that the trial court erred by giving incorrect instructions in response to the jury's questions. However, the issue was not properly preserved for review.

Appellant contends that the issue was properly preserved because after the jury submitted its question regarding self-defense, appellant's trial counsel suggested to the trial court that the jury should be instructed that, "since self-defense is an absolute defense, if they find that . . . he's not guilty based on self-defense, then it should be a defense to all the other charges." Yet, after the trial court recharged the jury, the trial court specifically asked counsel if there were "any exceptions to the Court's answer to the questions." Appellants' trial counsel answered, "No, Your Honor."

Under OCGA § 17-8-58 (a), "[a]ny party who objects to any portion of the charge to the jury . . . shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. . . ." Failure to do so "shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties." See id. Appellant's trial counsel clearly did not conform to the requirements for preserving objections under OCGA § 17-8-58, and the issue is not properly preserved for review.

4. Nevertheless, regardless of trial counsel's failure to object to the instruction at trial, our recent decision in *State v. Kelly*, 290 Ga. 29, 31 (1) (718 SE2d 232) (2011) requires us to consider whether the court's jury instruction constitutes plain error since appellant properly enumerated and argued the issue on appeal. In *Kelly*, we adopted the federal definition of plain error from *United States v. Olano*, 507 U. S. 725 (II) (113 SC 1770, 123 LE2d 508) (1993) as well

as its four-pronged test.[3] Our Court of Appeals summarized the *Olano* test succinctly in the context of OCGA § 17-8-58 (b), stating that "[t]he proper inquiry . . . is whether the instruction . . . was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceeding." *Wagner v. State*, 311 Ga. App. 589, 593 (716 SE2d 633) (2011) (Blackwell, J., concurring specially). Jury instructions must be read and considered as a whole when determining whether the charges contained error. *Sullivan v. Sullivan*, 273 Ga. 130 (2) (539 SE2d 120) (2000).

Here, the trial court's recharge regarding self-defense was not obviously erroneous, nor did it likely affect the outcome of the proceeding. In response to the jury's questions, the trial court answered that it was possible to acquit by reason of self-defense on one count and find appellant guilty on other counts arising out of the same circumstances. As a result, appellant complains that the trial court conveyed to the jury it was permitted to return inconsistent verdicts. However, the trial court's recharge also specifically instructed that the jurors should "consider self-defense on all counts" and then "make a decision whether it applies to each count." Therefore, taken as a whole, the trial court's recharge to the jury was not obviously erroneous. Further, given the weight of the cumulative evidence against appellant and the lack of corroboration of appellant's theory of self-defense, it is unlikely that the outcome of the proceedings would have been different, even if the instructions *had* been obviously erroneous. Since neither the second nor third prongs of the plain error standard have been met, we find that there was no plain error in the trial court's recharge to the jury on the subject of self-defense.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 2011.

*Bruce S. Harvey, Jennifer S. Hanson, K. Julie Hojnacki, Kimberly*

---

[3] The four-pronged test set forth in *Olano* is as follows:
First, there must be an error or defect – some sort of "[d]eviation from a legal rule" – that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the [trial] court proceedings." Fourth and finally, if the above three prongs are satisfied, the [appellate court] has the *discretion* to remedy the error – discretion which ought to be exercised only if the error " 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' "
(Citations omitted; emphasis in original.) *Puckett v. United States*, 556 U. S. 129 (II) (129 SC 1423, 173 LE2d 266) (2009).

*H. Cornwell, Mark A. Yuracheck,* for appellant.

*Tracy Graham-Lawson, District Attorney, Caroline C. Owings, Stephen N. Knights, Jr., Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Weinberger, Assistant Attorney General,* for appellee.