## A11A2067. MORRELL v. THE STATE.
(721 SE2d 643)

PHIPPS, Presiding Judge.

In connection with a shooting, Melvin Morrell was indicted for aggravated assault and possession of a firearm during the commission of a crime. A jury found him not guilty of aggravated assault and guilty of firearm possession. Morrell was sentenced on the firearm possession count. In this appeal, he argues that he should not have been sentenced thereon because the verdicts were inconsistent; he also contends that the final jury charge contained errors. Because no reversible error has been shown, we affirm.

The trial evidence showed that, on the night of August 9, 2008, three friends were walking along a street in a touristy area of Savannah. Suddenly, a car stopped near them, and the passenger got out of the car brandishing a revolver, leaving the passenger door open. The gunman walked about three feet toward the friends and demanded their money. When one of them reached into his pocket, the gunman shot him. The gunman darted back into the waiting car, which cruised away.

Meanwhile, the other two friends had fled on foot. One of them soon encountered a uniformed (but unarmed) employee of the local police department who was writing parking citations. She had just heard a loud "pop," and he exclaimed to her that his friend had just been shot. He further pointed out to her that the shooter was a passenger in a car that was slowly approaching the two of them.

While he hid beside a nearby parked car, the car with the shooter stopped beside the woman. The driver lowered his window, briefly spoke with the police department employee, whom he personally knew, then drove away. Soon thereafter, the police department employee described the incident to a police detective, identifying Morrell as the driver.

Minutes after the shooting, police searched the shooting scene, but found no shell casing. Hours after the shooting, police executed a search warrant at Morrell's residence, finding in his bedroom "a single 357 revolver round."

But when Morrell was interviewed by the police two days after the incident, he repeatedly denied that he had been in the car with the shooter — who, by that time, had been identified to police as Lawrence Gadson. (A videorecording of the approximately hour-long interview was shown to the jury.) During the police interview, Morrell stated that, earlier on the day of the shooting, he had spent time with his girlfriend, and he provided to police her contact information.

A few days later, that girlfriend told the police in an interview that Morrell had called her several times on the night in question and confided in her that he *had* been with Gadson during the time of the shooting incident; that Gadson had gotten him into big trouble; but that because of his friendship with Gadson, he would protect Gadson.

Morrell and Gadson were co-indicted for aggravated assault for shooting the pedestrian with a gun and with possession of a firearm during the commission of that aggravated assault.[1] Gadson pled guilty and was sentenced. Later, at Morrell's trial, Gadson testified as a state's witness that only he (Gadson) had a gun; that the gun was a 357 revolver, which he later discarded; that he had been the shooter; that Morrell had been the driver of the car at the time of the shooting; that the car belonged to him (Gadson); and that Morrell had also been driving the car when they escaped a police chase that ensued moments after Morrell spoke with the police department employee.

Morrell took the stand, also. Contrary to his police statement, he admitted that he had been the driver. However, he claimed that he had planned only to cruise around town with Gadson; that he had stopped the car alongside the three pedestrians only because Gadson asked him to do so; that he did not know when he stopped the car

---

[1] See OCGA §§ 16-5-21 (a) (2) (defining aggravated assault with a deadly weapon); 16-11-106 (b) (defining possession of a firearm during commission of specifically described crimes).

that Gadson had a gun; that he did not know that Gadson was exiting the car to rob the pedestrians; and that he did not hear any gunshot. Morrell testified that he fled the police only because he had no license and because he and Gadson had marijuana in the car.

1. Morrell's argument that the trial court erred in accepting the inconsistent verdicts of guilty of firearm possession and not guilty of aggravated assault is without merit. In *Milam v. State*,[2] the Supreme Court of Georgia abolished the rule against inconsistent verdicts in criminal cases.[3]

> [A]ppellate courts cannot know and should not speculate why a jury acquitted on one offense and convicted on another offense. The reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity. Stated another way, it is imprudent and unworkable to allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them. Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that the courts generally will not undertake.[4]

The sole exception to the abolition of the inconsistent verdict rule applies "when instead of being left to speculate about the unknown motivations of the jury the appellate record makes transparent the jury's reasoning why it found the defendant not guilty of one of the charges. . . ."[5] The record before us, however, does not invoke that exception because it contains nothing that makes transparent the jury's reasoning for finding Morrell not guilty on the aggravated assault count.[6] Furthermore, the evidence was sufficient to support

---

[2] 255 Ga. 560 (341 SE2d 216) (1986).

[3] Id. at 562 (2).

[4] *Turner v. State*, 283 Ga. 17, 20 (2) (655 SE2d 589) (2008) (citations and punctuation omitted).

[5] Id. at 20-21 (2) (citations and punctuation omitted).

[6] See generally *Guajardo v. State*, 290 Ga. 172, 174-175 (2) (718 SE2d 292) (2011) (jury question submitted during deliberation, asking whether it was "possible to find defendant not guilty on [one count], but find guilty on other counts" did not sufficiently expose jury's rationale for acquittal and its inconsistency with the guilty verdicts). Compare *King v. Waters*, 278 Ga. 122, 123 (1) (598 SE2d 476) (2004) (exception applied because there was no need to speculate whether the jury verdict was the product of lenity or of legal error, where record showed that the predicate offense was vacated because of ineffectiveness of appellate counsel); *Turner*, supra at 21 (2) (exception applied because there was no need to speculate whether the jury verdict was the product of lenity or of legal error, where the jury made an express finding upon the verdict form of justification as to one count but inconsistently found the defendant guilty of other charges based on the same conduct).

the guilty verdict on the firearm possession charge.[7] The jury was free to reject Morrell's and Gadson's testimony that Morrell did not know that Gadson had a gun.[8]

2. Morrell contends that the trial court erred in its instruction to the jury on "knowledge," by specifically referencing therein the aggravated assault offense, but not the offense of possession of a firearm during the commission of a crime. Morrell concedes that, after the final charge was given, his lawyer did not object to the knowledge instruction. Notwithstanding, he asserts that plain error occurred and seeks review of the issue pursuant to OCGA § 17-8-58 (b).

"[U]nder OCGA § 17-8-58 (b), appellate review for plain error is required whenever an appealing party properly asserts an error in jury instructions."[9]

> [I]n the context of OCGA § 17-8-58 (b), the proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings. If all three of these questions are answered in the affirmative, the appellate court has the discretion to reverse if the error seriously affects the fairness, integrity, or public reputation of the proceedings below. Satisfying all four prongs of this standard is difficult, as it should be.[10]

Additionally, "[j]ury instructions must be read and considered as a whole when determining whether the charges contained error."[11]

As the trial transcript makes clear, and as he states in his appellate brief, Morrell's defense was that, not only had he not been the shooter, but he also had not had the requisite intent to participate in robbery at gunpoint. Related to that defense, the trial court

---

[7] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979) (in assessing sufficiency of the evidence to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"); *King*, supra (conviction on the compound offense should be upheld so long as the evidence will support it).

[8] OCGA §§ 16-2-20 (defining parties to a crime); 16-2-6 (trier of facts may find criminal intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted); *Branchfield v. State*, 287 Ga. 869, 870 (1) (700 SE2d 576) (2010); *Odom v. State*, 279 Ga. 599 (619 SE2d 636) (2005).

[9] *State v. Kelly*, 290 Ga. 29, 32 (1) (a) (718 SE2d 232) (2011); see *Guajardo*, supra at 175 (4) (despite trial counsel's failure to object to jury instruction at trial, considering whether instruction constituted plain error because appellant had properly enumerated and argued the issue on appeal).

[10] *Kelly*, supra at 33 (2) (a) (citations and punctuation omitted); see *Guajardo*, supra at 176 (4).

[11] *Guajardo*, supra (citation omitted).

included apt instructions in the final charge to the jury that no person can be convicted of any crime unless and until each element of the crime is proved beyond a reasonable doubt; that if the state fails to so prove a crime, it is the jury's duty to acquit the defendant as to that crime; that a crime is a violation of a statute in which there is "a joint operation of an act or omission to act and intention"; that intent is an essential element of any crime, which must be proved by the state beyond a reasonable doubt; and that there is no presumption that the defendant acts with criminal intent. In addition, the trial court included in the final charge to the jury apt instructions on parties to a crime, mere presence, and mere association.

Because the court gave the above charges, the omission of additional language concerning "knowledge" did not likely affect the outcome of the proceeding.[12] Consequently, Morrell's claim that plain error occurred fails.[13]

3. There is no merit in Morrell's claim that the trial court committed reversible error by denying his request to give a pattern jury instruction on "grave suspicion." The principle covered therein was adequately explained elsewhere in the final jury charge as a whole.[14]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED DECEMBER 27, 2011 — 

*Steven L. Sparger*, for appellant.
*Larry Chisolm, District Attorney, Reginald C. Martin, Assistant District Attorney*, for appellee.

---

[12] See *Sapp v. State*, 290 Ga. 247, 249-251 (2) (719 SE2d 434) (2011) (citation and punctuation omitted); see generally *Hightower v. State*, 287 Ga. 586, 590 (4) (698 SE2d 312) (2010).

[13] See *Sapp*, supra; *Kelly*, supra at 34 (2) (b).

[14] *Walker v. State*, 282 Ga. 406, 408 (2) (651 SE2d 12) (2007) (refusal to give a requested charge is error only where the request made is a correct statement of law that is pertinent and material to an issue in the case and contains information that is not substantially covered by the charge actually given); *Mohamed v. State*, 276 Ga. 706, 710-711 (4) (583 SE2d 9) (2003) (failure to give an instruction in the exact language requested by defendant was not harmful error, where principle asserted was adequately covered elsewhere in the jury charge as a whole).