**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 19, 2012**

# In the Court of Appeals of Georgia

A12A1085. JONES v. THE STATE.

MCFADDEN, Judge.

Antonio Jones appeals from his convictions for firearm offenses, challenging the consistency of the verdicts, the trial court's failure to use a special verdict form, the introduction of his prior conviction, and the trial court's refusal to give a jury charge on grave suspicion. Because the inconsistent verdicts rule has been abolished in Georgia, and because the trial court did not abuse its discretion in using a general verdict form, in allowing introduction of the prior conviction and in refusing the requested jury charge, those challenges are without merit. However, Jones is correct in his further assertion that the trial court erred in failing to merge the firearm offenses for purposes of sentencing since each of the offenses does not require proof

of an additional fact that the other does not. Therefore, we vacate the sentences imposed and remand the case for re-sentencing.

The record shows that on May 22, 2006, Jones used a gun to shoot and kill David Simmons. Jones was charged by indictment with malice murder, two counts of felony murder, aggravated assault, possession of a firearm during the commission of a crime, possession of a firearm by a convicted felon, and use of a firearm by a convicted felon during the commission of another felony. At trial, Jones admitted the shooting, but claimed he acted in self-defense. The jury returned verdicts of not guilty on all of the murder counts and the aggravated assault count, and verdicts of guilty on the three firearm offenses. The trial court entered judgments of conviction as to the firearm offenses, sentencing Jones to serve five years for possession of a firearm during the commission of a crime, five years for possession of a firearm by a convicted felon, and fifteen years suspended for use of a firearm by a convicted felon during the commission of another felony. Jones appeals.

1. *Inconsistent verdicts.*

Jones argues that the trial court erred in accepting inconsistent verdicts of guilty as to the three firearm offenses and not guilty as to the aggravated assault and

murder charges. However, regardless of whether or not the verdicts were inconsistent, there is no prohibition against inconsistent verdicts in Georgia.

> In *Milam v. State*, [255 Ga. 560 (341 SE2d 216 (1986),] the Supreme Court of Georgia abolished the rule against inconsistent verdicts in criminal cases. Appellate courts cannot know and should not speculate why a jury acquitted on one offense and convicted on another offense. The reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity. Stated another way, it is imprudent and unworkable to allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them. Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that the courts generally will not undertake.

(Citations and punctuation omitted.) *Morrell v. State*, 313 Ga. App. 443, 445 (1) (721 SE2d 643) (2011).

The case of *Turner v. State*, 283 Ga. 17 (655 SE2d 589) (2008), cited by Jones, is inapposite. In that case, the abolition of the inconsistent verdicts rule did not apply because the jury's verdict form made the basis for its verdict clear, and thus the court did not need to speculate about whether the verdict was the product of lenity or legal error. Id. at 20-21 (2). But there is no such verdict form in this case, and this court "will not engage in speculation or unauthorized inquiry regarding [the jury's] deliberations. [Cit.]" *Guajardo v. State*, 290 Ga. 172, 175 (2) (718 SE2d 292) (2011).

3

2. *Verdict form.*

Jones contends that the trial court should have used a special verdict form like that used in *Turner*. However, "[t]he form of a verdict and the submission of a special verdict are within the discretion of the trial court, and, absent an abuse of that discretion, the court's choice will not be overturned." (Citation and punctuation omitted.) *Hewitt Assocs. v. Rollins, Inc.*, 308 Ga. App. 848, 852 (2) (708 SE2d 697) (2011). Here, Jones has made no showing that the trial court's decision to use a general, rather than special, verdict form was an abuse of discretion. And given that the trial court fully and accurately instructed the jury on the presumption of innocence, the definitions of the crimes charged, the state's burden of proof, the defense of justification and the form of the verdict, we find no error. See *Rogers v. State*, 282 Ga. 659, 661 (2) (b) (653 SE2d 31) (2007) (no abuse of discretion in failing to use special verdict form regarding issue of mental retardation where trial court properly instructed jury on statutory definition of mental retardation and the applicable burden of proof).

3. *Prior Convictions.*

Jones claims that the trial court erred in allowing the state to impeach him during his trial testimony by introducing evidence of his prior aggravated assault

conviction. However, for purposes of attacking the credibility of a defendant who testifies, "[e]vidence that the defendant has been convicted of a crime *shall be admitted* if the crime was punishable by death or imprisonment of one year or more . . . if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant." (Emphasis supplied.) OCGA § 24-9-84.1 (a) (2). Here, after hearing extensive argument from the parties, the trial court expressly found that the probative value of evidence of the prior aggravated assault, a crime punishable by imprisonment of more than a year, substantially outweighed any prejudice to Jones. Jones' credibility was obviously open to attack by the state since he claimed that he was justified in the shooting death of Simmons. And his claim that he was unfairly prejudiced because his prior conviction was too similar to the murder and aggravated assault charges for which he was tried is unpersuasive since he was acquitted of those charges. But even if he had not been so acquitted, "[t]he decision to admit or exclude evidence lies within the discretion of the trial judge, and this court will not interfere with such discretion unless it has been abused." (Citation omitted.) *Hopkins v. State*, 309 Ga. App. 298, 299 (1) (709 SE2d 803) (2011). Despite any similarity between his prior conviction and the underlying charges in this case, Jones has failed to show that admission of the

5

impeachment evidence was an abuse of the trial court's discretion. See *Newsome v. State*, 289 Ga. App. 590, 594 (2) (657 SE2d 540) (2008) (no abuse of discretion in admitting prior aggravated assault and possession of a firearm during the commission of a felony convictions for impeachment purposes in a case involving similar charges of aggravated assault and possession of firearm during commission of a felony).

4. *Rejected offer to stipulate.*

Jones further claims that the trial court erred in not forcing the state to accept his offer to stipulate to the fact that he is a convicted felon, and instead allowing the state to introduce evidence of his prior aggravated assault conviction to prove the "prior felony conviction" element of the counts charging him with possession and use of a firearm by a convicted felon. The claim is without merit.

Generally, a defendant cannot stipulate to facts and thereby obviate the need for proof over the state's objection to such a stipulation. *State v. Dixon*, 286 Ga. 706, 708 (2) (691 SE2d 207) (2010). However, the Georgia Supreme Court has set forth a limited exception to that general rule.

> [W]hen (1) a defendant's prior conviction is of the nature likely to inflame the passions of the jury and raise the risk of a conviction based on improper considerations, and (2) the purpose of the evidence is solely to prove the defendant's status as a convicted felon, then it is an abuse

6

of discretion for the trial court to spurn the defendant's offer to stipulate to his prior conviction and admit the evidence to the jury.

(Footnote omitted.) *Ross v. State*, 279 Ga. 365, 368 (2) (614 SE2d 31) (2005). Here, pretermitting the issue of whether Jones' prior aggravated assault conviction is of the nature likely to inflame the passions of the jury, is the fact that the purpose of the evidence of the prior conviction was not solely to prove Jones' status as a convicted felon. Rather, as explained above in Division 3, that evidence was also used for the proper purpose of impeaching Jones' credibility as a witness. Accordingly, the exception to the general rule does not apply, and the trial court did not err in refusing to force the state to accept Jones' offer of a factual stipulation.

Moreover, even if the trial court had erred, such an evidentiary error would have been harmless in light of the overwhelming evidence of guilt of the firearm offenses, including Jones' own testimony admitting that he is a convicted felon and possessed a firearm and shot and killed Simmons. See *Ross*, supra at 368 (3); *Martin v. State*, 268 Ga. 684 (3) (492 SE2d 225) (1997).

5. *Refusal to charge on bare suspicion.*

Jones contends that the trial court erred in refusing his request to give the "bare suspicion" pattern jury instruction, which provides that "[f]acts and circumstances

7

that merely place upon the defendant a grave suspicion of the crime charged or that merely raise a speculation or conjecture of the defendant's guilt are not sufficient to authorize a conviction of the defendant." *Sherman v. State*, 302 Ga. App. 312, 314 (3), fn. 1 (690 SE2d 915) (2010). Although the trial court refused such a charge, it did fully and accurately charge the jury on Jones' presumption of innocence and the state's burden of proving guilt beyond a reasonable doubt. "[B]ecause the trial court gave complete instructions on reasonable doubt and the presumption of innocence, the charge as a whole covered the principles of law embodied in the 'bare suspicion' charge. The trial court [therefore] did not abuse its discretion in denying [Jones'] request for the charge." (Citation and punctuation omitted.) Id. at 314 (3). See also *Dulcio v. State*, 297 Ga. App. 600, 602 (2) (677 SE2d 758) (2009).

6. *Merger.*

Jones asserts that the trial court erred in failing to merge, for purposes of sentencing, his convictions both for possession of a firearm during the commission of a felony (OCGA § 16-11-106) and possession of a firearm by a convicted felon (OCGA § 16-11-131) with his conviction for use of a firearm by a convicted felon during the commission of another felony (OCGA § 16-11-133). We agree.

8

When the same conduct establishes the commission of more than one crime, the accused may be prosecuted for each crime, but he may not be convicted of more than one crime if one crime is included in the other. OCGA § 16-1-7 (a). To determine if one crime is included in another, we apply the "required evidence" test adopted in *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006). As explained in *Drinkard*, "the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (Citation and punctuation omitted.) Id. at 215. "If so, then there are two offenses, and neither is included in the other." (Citation and punctuation omitted.) *Gaston v. State*, ___ Ga. App. ___ (3) (Case No. A12A0962, decided August 7, 2012).

In this case, the same act by Jones, his use of a gun to shoot Simmons, was used to establish violations of OCGA §§ 16-11-106 (b), 16-11-131 (b) and 16-11-133 (b). The count of the indictment charging Jones with use of a firearm in violation of OCGA § 16-11-133 (b) required proof that he had previously been convicted of aggravated assault and that he subsequently used a firearm during the commission of various crimes against Simmons. Thus, that count required proof of the fact that Jones

9

had a prior felony conviction - a fact that was not required by the count charging that Jones had possessed a firearm during the commission of a felony in violation of OCGA § 16-11-106 (b). But this latter count charging a violation of OCGA § 16-11-106 (b) does not require proof of a fact not required by the count alleging a violation of OCGA § 16-11-133 (b). Because *each* crime does not require proof of a fact not required by the other, Jones may not be convicted and sentenced for each violation. See *Drinkard*, supra. Indeed, this court has previously held that it was error for a trial court to fail to merge such offenses for sentencing "because the violation of OCGA § 16-11-106 was established by proof of less than all the facts necessary to establish the violation of OCGA § 16-11-133." (Citations omitted.) *Davis v. State*, 253 Ga. App. 803, 808 (14) (560 SE2d 711) (2002).

Likewise, the count alleging a violation of OCGA § 16-11-133 (b) required proof of a fact - that Jones had used a firearm during the commission of crimes against Simmons - not required by the count charging that he was a convicted felon who possessed a firearm in violation of OCGA § 16-11-131 (b). But the alleged violation of 16-11-131 (b) did not require proof of a fact not required by the alleged violation of 16-11-133 (b). Therefore, the violation of 16-11-131 (b) also should have been merged with the violation of 16-11-133 (b). Accordingly, the sentences for all

three offenses are hereby vacated and the case is remanded to the trial court for re-sentencing consistent with this opinion.

*Judgment affirmed in part, reversed in part and case remanded with direction.*

*Barnes, P. J., and Adams, J., concur.*