## A08A1006. RIVERA v. THE STATE.
(666 SE2d 739)

MILLER, Judge.

A jury convicted Sandra Lopez Rivera of one count each of burglary (OCGA § 16-7-1 (a)) and giving a false name to a law enforcement officer (OCGA § 16-10-25).[1] On appeal, Rivera challenges only the sufficiency of the evidence as to her conviction for burglary, arguing the absence of any direct evidence in support thereof and that the State's circumstantial evidence was insufficient to exclude every reasonable hypothesis of her possession of property

---

[1] Rivera was acquitted of one count of burglary (OCGA § 16-7-1 (a)).

taken in the burglary, save that of her guilt. Discerning no error, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and [the defendant] no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). "An appellate court neither weighs the evidence nor determines witness credibility, but rather determines only whether the evidence was sufficient for a rational trier of fact to find the essential elements of the charged offense beyond a reasonable doubt. [Cits.]" *Key v. State*, 289 Ga. App. 317, 318 (657 SE2d 273) (2008). Conflicts in the testimony of witnesses, including those of the State, raise questions of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to prove the State's case, the jury's verdict will be upheld. *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).

"To warrant a conviction on circumstantial evidence, the proved facts need exclude only *reasonable* hypotheses — not bare possibilities that the crime could have been committed by someone else. And questions of reasonableness are generally decided by the jury." (Citation and punctuation omitted; emphasis in original.) *Daugherty v. State*, 283 Ga. App. 664, 667 (1) (a) (642 SE2d 345) (2007).

So viewed, the evidence shows that on the morning of March 27, 2006, Melina Mejia encountered two intruders in her South Norcross-Tucker Road apartment. On seeing Mejia, the intruders fled from the apartment through the back door. Mejia testified that one of the intruders was a skinny, red-haired female, and that the kitchen window to her apartment had been broken out.

At 3:30 p.m. the same day, Madeline Gutierrez, who lived nearby, arrived home from work and found the front door of her apartment open and her burglar alarm ringing. Gutierrez called the police and reported missing a blue bicycle, wedding ring, laptop computer, watches, and a portable CD player.

The next night, Mejia saw the red-haired woman who had entered her apartment near a dumpster in her apartment complex, spray painting a bicycle. Mejia summoned police, and, on arriving at the scene, Officer J. O. Evans observed a red-haired female and a Hispanic male standing adjacent to a bicycle. Both were covered with paint and intoxicated. Upon seeing Officer Evans, the woman alerted the man and both turned and walked away. Officer Evans identified himself and ordered the two to return to his location. Both reluctantly did so, and in response to Officer Evans' questions, the woman stated that her name was "Fancy Bermudez."

During pat-down searches of the two suspects, Officer Evans testified that he pulled two watches from the woman's back pocket. Called to the scene, Gutierrez identified the watches and the bicycle as those that were stolen from her residence, and Officer Evans placed the woman under arrest. Later that night, a fingerprint check to confirm the woman's identity revealed that her real name was Sandra Rivera.

Following her conviction, Rivera moved for a new trial. The trial court denied that motion, and this appeal followed. Rivera's appeal is based solely on the cross-examination testimony of Officer Evans that a lot of discarded personal property, including several bicycles, had been around the dumpster in issue at the time of Rivera's arrest. Given the foregoing, Rivera argues that she could not be found guilty of being in possession of the stolen property absent direct evidence showing that she had burglarized Gutierrez's apartment. We disagree.

Where it is shown that goods were stolen in a burglary, the "absence of [an explanation] or [an] unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods." (Citations and punctuation omitted.) *Martin v. State*, 254 Ga. App. 40, 41 (1) (561 SE2d 154) (2002). "Recent possession" in this context refers to the amount of time that has elapsed between the theft of the property and the defendant's possession of the same. *Jefferson v. State*, 273 Ga. App. 61, 62 (1) (614 SE2d 182) (2005). "[T]he nearer the possession to the time of the theft, the stronger will be the inference of guilt." *Chambers v. State*, 288 Ga. App. 550, 551 (654 SE2d 451) (2007). That which constitutes recent possession presents a jury question, substantially to be determined on the basis of the "nature of the stolen property." (Citation and punctuation omitted.) *Hanson v. State*, 229 Ga. App. 205, 206 (1) (493 SE2d 605) (1997).

Here, it is undisputed that Rivera was found in possession of stolen property in close proximity to the apartment from which it had been taken only a day after it had been discovered missing; and, that when police saw Rivera with part of such property, she unsuccessfully sought to evade police and then falsely identified herself to them. Given the foregoing, we find that the evidence was sufficient for a rational juror to find Rivera guilty beyond a reasonable doubt of burglary. *Chambers*, supra, 288 Ga. App. at 551.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 4, 2008.

*Maryann F. Blend*, for appellant.

*Daniel J. Porter, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney*, for appellee.