A12A0088. DAVIS v. THE STATE.
(727 SE2d 238)

MCFADDEN, Judge.

Trion Davis appeals his convictions of armed robbery and giving a false name. He contends that his trial counsel was ineffective because he failed to challenge an improper showup by police. We find that the showup was not impermissibly suggestive and therefore that trial counsel was not ineffective for failing to challenge it. Consequently, we affirm Davis's convictions.

On appeal of a trial court's ruling on a claim of ineffective assistance of counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Handley v. State*, 289 Ga. 786, 787 (2) (716 SE2d 176) (2011).

> The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense;

that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Citation and punctuation omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001).

Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.

(Citation omitted.) *Mahoney v. State*, 296 Ga. App. 570, 571 (2) (675 SE2d 285) (2009).

The victim testified that he was robbed on January 11, 2006, while he was working for his father at the Locust Grove Exxon. A man wearing a peach-colored jumpsuit and blue jacket entered the store. The man approached the counter where the victim was standing, pulled out what appeared to be a semiautomatic handgun, pointed the gun at the victim, and demanded money. The victim put money from the cash register and his cell phone in a bag for the robber. The robber also took a package of razor blades and a toothbrush. The robber left the store, and the victim called 911. The victim described to the 911 dispatcher the robber, the clothes he was wearing, and the fact that he was driving a black Volvo S40 north on Interstate 75.

Ten minutes later, the police drove the victim north on Interstate 75 and showed him a man sitting in the back of a police car. The officers asked the victim, "Is this the gentleman that you saw in your store?" The victim immediately identified the man as the robber. The man was wearing the same peach-colored jumpsuit, and the same black Volvo S40 was parked nearby. In court, the victim identified Davis as the robber.

The officer who stopped the Volvo testified that the driver identified himself as Michael Clark. The officer saw the razor blades and toothbrush in the car. He also found in the car the packaging for an air pistol that resembled a semiautomatic gun, although no pistol was ever found.

A jury found Davis guilty of armed robbery and giving a false name. Davis moved for a new trial, claiming that he received the ineffective assistance of counsel because of counsel's failure to challenge the roadside identification. The trial court denied the motion,

finding that:

> Single person "show ups" of this kind are always questionable because the circumstances are usually suggestive. However, in this case, there is not a single fact, other than the inherently suggestive nature of the "show up" procedure, which indicates there was any substantial likelihood of misidentification. Moreover, the other circumstantial evidence of guilt was strong, and there was no showing that the in-court identification was affected by the roadside "show up." [Davis] has not shown a reasonable probability that a motion to suppress would have been granted, or that the verdict would have been different even if a motion to suppress had been granted.

Davis filed this appeal.

Davis argues that trial counsel's performance was deficient because he did not challenge the showup, which was impermissibly suggestive given that Davis was the only suspect present, he was handcuffed in the back of a police car, and several police officers were on the scene.

> Although a one-on-one showup is inherently suggestive, identification testimony produced from the showup is not necessarily inadmissible. We must apply a two-part test to determine whether the showup was impermissibly suggestive, and, if the showup was impermissibly suggestive, we then consider the totality of the circumstances to determine whether a "very substantial likelihood" existed of irreparable misidentification. With regard to part one of the test, this [c]ourt has previously held that on-the-scene showup identifications, like the one in the present case, are often necessary "due to the practicabilities inherent in such situations." Thus, as long as this type of showup was reasonably and fairly conducted at or near the time of the offense, it is not impermissibly suggestive and we need not reach the second part of the test.

(Citations omitted.) *Wallace v. State*, 295 Ga. App. 452, 454 (1) (671 SE2d 911) (2009). "The mere fact that [Davis was] in a police car when [he was] identified does not taint the identification[ ]. And here, there was no evidence that the victim[ ] knew that [Davis was] in handcuffs." (Citations omitted.) *Young v. State*, 272 Ga. App. 304, 311 (4) (a) (612 SE2d 118) (2005). There was nothing unfair in the police

asking the victim, "Is this the gentleman that you saw in your store?" Id. As the trial court found, Davis points to no other evidence that the showup was impermissibly suggestive. "[T]he showup identification testimony was admissible. Trial counsel, therefore, was not ineffective for not objecting to or moving to exclude the testimony." (Citations omitted.) *Wallace*, 295 Ga. App. at 457 (4).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED APRIL 12, 2012.

*Amanda R. Flora*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.