**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 15, 2012**

# In the Court of Appeals of Georgia

A12A0990. STOKES v. THE STATE.

BARNES, Presiding Judge.

Ritchea Rayan Stokes appeals his conviction for possession of cocaine and possession with intent to distribute marijuana.[1] Stokes waived his right to a jury trial and after a bench trial was sentenced to 6 years, with 30 days to serve. Following the denial of his motion for new trial , Stokes contends that the verdict was not supported by sufficient evidence. Finding no error, we affirm.

The facts of the case, considered in the light most favorable to the verdict, are as follows. Stokes was pulled over for failing to dim the headlights on his car in response to oncoming traffic. The police officer who initiated the traffic stop had a

---

[1]Although Stokes was also convicted of possession of marijuana, driving under the influence (controlled substance), driving under the influence (less safe), and failure to carry a license, he has not contested those convictions on appeal.

drug detection dog with him at the time of the stop. Stokes was driving and there was one passenger in the car. As the officer approached the car, he smelled "a strong odor of marijuana emitting from the vehicle." The officer then walked the drug dog around the car and received a positive alert from the dog, indicating drugs were located in the car. Backup officers arrived at the scene just after the dog finished. The officer instructed Stokes to exit the car, and noticed that his pupils were dilated and he was unsteady on his feet. The officer also found a crack pipe in Stokes' shoe, and Stokes admitted to smoking crack earlier in the day. Around this time, the officer monitoring the passenger saw two large bags of marijuana stuffed in his pants. Then the officers took both Stokes and his passenger into custody. When the passenger arrived at the police station, an officer searched him and found a rock of crack cocaine in his shoe.

Once Stokes was back at the police station, an officer advised him of his rights under *Miranda v. Arizona,* 384 U.S. 436 (86 SCt 1602, 16 LEd 2d 694) (1966) and began to question him. Stokes admitted the crack rock in the passenger's shoe was payment for driving the passenger to pick up the 18.7 ounces of marijuana. During the bench trial, an officer testified that the marijuana found on the passenger was "well past" an amount that would normally be considered for personal use. However,

no packaging materials, money, ledgers, or receipts were found on Stokes, the passenger, or in the car.

The standard of review in a case when the appellant contends the evidence was insufficient to support the verdict is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and emphasis omitted) *Little v. State*, 230 Ga. App. 803, 804 (1) (498 SE2d 284) (1998). Moreover, "[t]his Court determines the sufficiency of the evidence, but does not weigh the evidence or determine witness credibility." Id.

Stokes contends that the evidence presented at trial was not sufficient to support the verdict. "In a bench trial, the trial court sits as the trier of fact and its findings cannot be set aside unless they are clearly erroneous." *Crossley v. State*, 261 Ga. App. 250, 253 (582 SE2d 204) (2003). "In Georgia, it is well-settled that the clearly erroneous standard for reviewing findings of fact is equivalent to the highly deferential any evidence test." (Punctuation omitted). *Reed v. State,* 291 Ga. 10, 13 (3) (727 SE2d 112) (2012). Thus, the clearly erroneous test is deferential to the finder of fact who, in this case, was the trial judge.

3

1. Regarding Stokes' conviction for possession of cocaine under OCGA 16-13-30 (a), he correctly argues that he did not have actual possession of the cocaine. "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it." *Warren v. State*, 254 Ga. App. 52, 54 (1) (561 SE2d 190) (2002). Stokes did not have direct physical control over the cocaine because it was found in the clothing of his passenger.

Nevertheless, the evidence presented was sufficient to establish constructive possession of the crack cocaine. "A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." *Lockwood v. State*, 257 Ga. 796, 797 (364 SE2d 574) (1988). Moreover, if there is "slight evidence of access, power, and intention to exercise control or dominion over the cocaine . . . the question of fact regarding constructive possession remains within the domain of the trier of fact." (Punctuation added) *Evans v. State*, 185 Ga. App. 805, 806 (366 SE2d 165) (1988). Stokes admitted during questioning that the cocaine in the passenger's shoe was Stokes' payment for driving, which constitutes at least slight evidence indicating Stokes had access, power, and intention to exercise dominion over the crack. Therefore, we cannot say that the trial court's decision was clearly erroneous.

4

2. The evidence presented at trial was also sufficient to establish that Stokes possessed the marijuana with intent to distribute under a conspiracy theory.

> To prove conspiracy, two elements must be shown: an agreement and an act in furtherance of it. The [S]tate need not prove an express agreement between the co-conspirators; it only must show that two or more persons tacitly came to a mutual understanding to accomplish or to pursue a criminal objective.

(Footnote and punctuation omitted) *Williamson v. State*, 300 Ga. App. 538, 547 (5) (685 SE2d 784) (2009).[2] Furthermore,

> Conspiracy may be shown through circumstantial evidence. The conspiracy may be inferred from the nature of the acts done, the relation of the parties, the interest of the alleged conspirators and other circumstances, such as presence, companionship and conduct before and after the commission of the alleged offense.

Id. at 547-548.

---

[2]See also OCGA § 16-4-8.

5

Stokes admitted that he agreed to drive his passenger to pick up the marijuana in exchange for the crack cocaine. This demonstrates an agreement between Stokes and his passenger, thus satisfying the first element of conspiracy.

The second element of conspiracy is an act in furtherance of the agreement, done by any party to the conspiracy. OCGA § 16-4-8. Both Stokes and his passenger committed acts in furtherance of the agreement: Stokes did in fact drive his passenger to pick up the marijuana and his passenger did in fact acquire the marijuana. Thus, the second element of conspiracy is satisfied.

Lastly, Stokes contends the evidence presented at trial was insufficient to establish intent to distribute the marijuana. "The [S]tate may show intent to distribute in many ways, including expert testimony that the amount of contraband possessed was inconsistent with personal use, evidence showing the manner of packaging, and the possession of certain amounts or denominations of currency." *Helton v. State*, 271 Ga. App. 272, 275 (1) (b) (609 SE2d 200) (2005). Here, one of the officers explicitly opined that, based on his experience and training, the amount of marijuana found on the passenger exceeded an amount that is consistent with personal use. As stated, expert testimony may be sufficient to show intent to distribute. Thus, the fact that the car did not contain any money, ledgers, or packaging materials, is not determinative.

6

Under the clearly erroneous standard of review, and after viewing the facts in the light most favorable to the finder of fact, the evidence was sufficient to support a finding of intent to distribute.

The evidence presented at trial was sufficient to establish all the material elements of possession of cocaine and possession of marijuana with intent to distribute. Therefore, we affirm the trial court.

*Judgment affirmed. Adams and McFadden, JJ., concur.*