**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

November 13, 2012

# In the Court of Appeals of Georgia

A12A0841. NANGREAVE et al. v. THE STATE.

BARNES, Presiding Judge.

Appellants Bifford White and Debra Nangreave were convicted of burglary on April 28, 2009. White was sentenced by the trial court to a term of ten years, five to be served in incarceration and five to be served on probation. Nangreave was sentenced as a First Offender to ten years with 330 to 360 days to be served in a detention center. Nangreave moved for a new trial on May 4, 2009, as did White on May 12, 2009. The trial court denied the motions, and the appellants now appeal, contending that the evidence was circumstantial in nature and did not rule out every other reasonable hypothesis except that of the defendants' guilt. For the reasons that follow, we affirm.

On appeal, we must view the evidence "in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). So viewed, the evidence shows that a witness approached Nangreave when he noticed her sitting alone in the passenger seat of a white parked car. He asked her if she was having car trouble and needed help, but Nangreave declined, stating that her husband had "gone to get gas." The witness drove away after Nangreave assured him that she did not require assistance, but he then noticed a man, later identified as White, standing in a nearby alley. The witness testified that White's "feet [were] on the ground, but he looked as if he was coming out of the window" of a store. He asked White what he was doing, and White "ducked down" behind an air compressor. When the witness exited his truck and approached White, White emerged from behind the air compressor, picked up a bag, and ran away. The witness pursued White but was unable to catch him.

The witness saw Nangreave drive away in the white car, pull into a nearby restaurant parking lot and saw White exit the car and run into a nearby wooded area. The witness got ba

ck into his truck and pursued Nangreave in the white car, called 911, then "ran" White back into the woods when he saw White try to leave the area. When the police officers arrived, they entered the wooded area, found White, and recovered the bag that he had been carrying.

The officers investigated the alley where White was first seen and noticed a broken window on the side of a store and some merchandise on the outside of the store near the broken window. The officers testified that, upon entering the store, they noticed merchandise had been disturbed throughout the store. The store owner testified that the merchandise recovered from White's bag was the same type that was missing from her store.

White testified that he often went into the alley looking for discarded items that he could fix and resell, and maintained that, on the day in question, he was in the alley searching for such items, and found the bag of merchandise discarded in the alley. White testified that he only ran from the witness because the witness drove up on him "in a truck with a dog in the back yelling and screaming" at him. Nangreave testified that the couple pulled into the alley, and White told her to wait and he would be right back. She further testified that she was nervous when the witness approached her and told him that her husband had gone to get gasoline. Nanagreave also testified

3

that she heard White yell for her but she could not locate him and that he never got back into the car. She further testified that she had been harassed by police because she was from the North. Nangreave testified that the witness was personally motivated to lie because he did not like the fact that White, an African American, was dating Nangreave, who is white.

1.White contends that the circumstantial evidence was insufficient to sustain his conviction and that the evidence presented at trial did not rule out every other reasonable hypothesis except his guilt. He maintains that he could not be guilty of burglary because he was never seen entering or leaving the building.

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though

4

contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6.

A person commits the offense of burglary when he or she enters or remains within a building with the intent to commit a felony or theft therein. OCGA § 16-7-1 (b). To warrant a conviction on circumstantial evidence, the proven facts must exclude every other reasonable hypothesis except the guilt of the accused. OCGA § 24-4-6. The State is not required to remove every possibility of innocence of the crime charged, and it is not required to disprove bare possibilities that the crime could have been committed by someone else. *Rivera v. State*, 293 Ga. App. 215, 216 (666 SE2d 739) (2008). Whether a hypothesis is reasonable and whether every other hypothesis except the guilt of the accused has been excluded are generally questions for the jury to decide. Id. Because jurors are able to hear and observe the witnesses, and thus are better able to judge the reasonableness of a hypothesis raised by the

5

evidence, this Court will not disturb their findings unless it is unsupportable as a matter of law. *Moore v. State*, 277 Ga. App. 474-476 (1) (627 SE2d 107) (2006).

White was found in close proximity to the window, appeared to be coming out of the window, ran from the scene, and was apprehended with a bag of merchandise confirmed to be from the store. Although circumstantial, the evidence in this case was sufficient to authorize a rational trier of fact to conclude that all reasonable hypotheses were excluded save White's guilt. *Rivera*, 293 Ga. App. at 219.

White argued that another person could have entered the store and left the bag of goods in the alley. However, the jury was authorized to disbelieve this testimony and to discount White's hypotheses. As noted before, it is for the jury, not this Court, to decide questions of reasonableness and witness credibility. *Rolling v. State*, 275 Ga. App. 902, 905 (1) (622 SE2d 102) (2005). Therefore, we affirm White's conviction.

2. Nangreave was convicted of burglary as a party to the crime. She also contends that the evidence was insufficient to support her conviction.

OCGA § 16-2-20 (a) provides that "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." A person is concerned in the commission of a crime if he

6

directly commits the crime or intentionally aids or abets in the commission of the crime. OCGA § 16-2-20 (b) (1), (3). "Mere presence at the scene is not sufficient to convict one of being a party to a crime, but criminal intent may be inferred from conduct before, during, and after the commission of a crime." (Punctuation and footnote omitted.) *Buruca v. State*, 278 Ga. App. 650, 652 (1) (629 SE2d 438) (2006). Further, "[w]here a getaway driver waited for his co-defendant[ ] to return to the car, the driver was also guilty of his co-defendant['s] crimes." (Footnote omitted.) *Jackson v. State*, 274 Ga. App. 279, 281 (617 SE2d 249) (2005).

Here, it was reasonable for the jury to conclude that Nangreave acted as the getaway driver, waited for White while he was in the alley, covered for him when she was questioned by the witness, and drove him from the scene when he ran away from the witness after being seen near the broken window. See *Head v. State*, 261 Ga. App. 185, 187 (1) (582 SE2d 164) (2003) (defendant guilty as a party to the crime of burglary where she drove the perpetrator to the crime, served as the getaway driver, and sped from the scene after the crime was committed.) Consequently, we affirm Nangreave's conviction.

*Judgment affirmed. Adams and McFadden, JJ concur.*