**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 23, 2013**

# In the Court of Appeals of Georgia

A13A0080. RILES v. THE STATE.

PHIPPS, Presiding Judge.

Kim Leroy Riles appeals his conviction for burglary. He contends that the evidence was insufficient and that the trial court erred in denying his motion for new trial because he received ineffective assistance of trial counsel. We affirm.

1. When an appellant challenges the sufficiency of the evidence to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] The defendant no longer

---

[1] *Jackson v. Virginia,* 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

enjoys a presumption of innocence and this court neither weighs the evidence nor determines witness credibility.[2]

Viewed in the light most favorable to the prosecution, the evidence at trial showed that on December 4, 2008, around 7:00 p.m., a woman arrived home to discover personal items strewn about the floor of her home. She looked through the home and discovered that many items were missing. She called her husband, who then called the police.

Around 7:30 p.m., an investigator with the sheriff's office was told to report to the residence in connection with the report of a burglary. When the investigator arrived around 8:10 p.m., he spoke with the family and looked for evidence. The yard of the residence was enclosed by a fence; on the other side of the fence, some items taken from the residence were found on a roadway and in nearby woods. A neighbor testified that the police had summoned him to the scene after they discovered tracks leading from the burglarized home to his home.

On December 6, 2008, the daughter and the neighbor of the burglary victims observed a woman selling items that had been taken from the burglarized home. The neighbor confronted the woman; he told her that the items she had with her were not

---

[2] See *Rivera v. State*, 293 Ga. App. 215, 216 (666 SE2d 739) (2008).

2

all of the items that had been taken from the residence, and he ordered her to tell him the location of the rest of the items. The woman opened the trunk of a vehicle; the neighbor replied that that was still not "all the stuff that was stole[n]." He demanded again that the woman tell him the location of the rest of the items. The woman led the neighbor and a sheriff's deputy to a motel room, where they found Riles and more items taken from the burglarized home. Riles and the woman were arrested.

The woman testified at trial (on July 14, 2009) that she and Riles were in a relationship and had been for two years; that for about four or five months they had lived together in the motel room; and that on December 6, 2008, she "had some stuff that [she] had got[ten] from [Riles]" that she was trying to sell. She affirmed that she had told the neighbor and a sheriff's deputy that she had acquired the items from Riles, and that she had led the neighbor and deputy to the motel room where Riles and some of the items were found.

The woman further testified that on December 4, 2008, around 10:00 p. m., (which time was after the burglary had been reported) Riles had ordered her into his vehicle. According to the woman, she and Riles had "started out" toward the road on which the burglarized residence was located and she did not know where they were going, but after her protestations about visiting someone, Riles turned the vehicle

3

around and they went back to their motel room. An investigating officer testified, however, that the woman had told him that Riles had driven her to the road on which the burglarized residence was located to look for items that he had dropped, not to visit anyone.

Riles did not testify at trial, nor did he present any witnesses to testify on his behalf. He nevertheless contends on appeal that he "presented a reasonable hypothesis of his innocence, which was consistent with the evidence, and that the State failed to exclude that hypothesis." Riles's hypothesis was based on the investigator's testimony that when he interviewed Riles, Riles had told him that he had purchased the items from a man in a green truck who had been staying at the motel. Riles also points out the woman's testimony that she had seen Riles purchase from "this same guy" a tool box that was in their motel room and that had not come from the burglarized residence. Thus, he argues, "the only evidence the State presented to connect [him] with the burglary was the fact that [he] was in the hotel room where some of the items belonging to the [victims] were found," and "[t]he State presented no evidence explaining why the tool box was purchased, but the items belonging to the [victims] were stolen, even though everything was discovered in the same room, at the same time."

4

Riles was indicted for committing the offense of burglary in that he did without authority, and with the intent to commit a theft therein, "enter the dwelling house of another." "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[3]

> [Q]uestions about the reasonableness of hypotheses are generally for the jury's determination, and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of the defendant's guilt, this Court does not disturb such finding unless the verdict of guilty is insupportable as a matter of law.[4]

> [E]vidence of recent, unexplained possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary. Once it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the

---

[3] OCGA § 24-4-6 (2012). *Leslie v. State*, 292 Ga. 368, 369 (2) (a), n. 3 (738 SE2d 42) (2013) ("Georgia adopted a new evidence code effective January 1, 2013."). See Ga. L. 2011, pp. 99, 214 § 101 (providing that the new evidence code "shall apply to any motion made or hearing or trial commenced on or after [January 1, 2013]."). Riles's trial was held in 2009.

[4] *Bryant v. State*, 282 Ga. 631, 634 (1) (651 SE2d 718) (2007) (citation omitted).

5

stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury.[5]

"'Recent possession' in this context refers to the amount of time that has elapsed between the theft of the property and the defendant's possession of the same. . . . That which constitutes recent possession presents a jury question."[6]

The verdict was not insupportable as a matter of law. The evidence showed that two days after the report of a burglary, Riles was found in a motel room that he shared with the woman who was attempting to sell goods stolen from the burglarized residence; that the woman obtained the goods from Riles; that stolen goods were found in the motel room; that stolen goods were found outside the fenced area of the property of the burglarized residence; and that after the burglary was reported, later that night, Riles went to the road on which the burglarized residence was located to retrieve items he claimed he had dropped. Therefore, the jury was authorized to find unsatisfactory Riles's explanation of his possession of the stolen goods.[7] "[A] guilty

---

[5] *High v. State*, 282 Ga. 244 (1) (647 SE2d 270) (2007) (citations and punctuation omitted).

[6] *Rivera*, supra at 217 (citations and punctuation omitted).

[7] See generally *Collins v. State*, 304 Ga. App. 11, 13 (1) (695 SE2d 343) (2010) (defendant unsuccessfully argued that evidence was insufficient to support his conviction for burglary where there was no direct evidence he entered a shed and no

6

verdict reflects the jury's dissatisfaction with defendant's explanation."[8] The evidence was sufficient for a rational trier of fact to find Riles guilty beyond a reasonable doubt of burglary.[9]

2. Riles contends that he received ineffective assistance of counsel.

Generally, the burden is on the defendant claiming ineffective assistance of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional

---

one saw him in or near shed, and no evidence contradicted his explanation that he found item taken from inside shed in a ditch; but the evidence showed that neighbors saw defendant hide item under bushes, and later, defendant tried to sell item to a neighbor; rightful owner of the item saw defendant breaking into his truck, and defendant ran from the owner and discarded item as he ran from the police); *Bankston v. State*, 159 Ga. App. 342, 343 (4) (283 SE2d 319) (1981) (whether the defendant's explanation of the possession of a stolen item was satisfactory was a question for the jury; in view of the guilty verdict in the case, it was clear that the jury determined that appellant's explanation was not adequate).

[8] *Collins*, supra at 13 (1).

[9] See generally *Collins*, supra; *Rivera*, supra (evidence was sufficient for a rational juror to find defendant guilty beyond a reasonable doubt of burglary where, among other things, defendant was found in possession of stolen property a day after it had been discovered missing); *Blair v. State*, 246 Ga. App. 533, 534 (541 SE2d 120) (2000) (evidence sufficient where accomplice's inculpatory testimony was corroborated by defendant's unexplained recent possession of stolen items and theft tools); *Bankston*, supra; *Brown v. State*, 133 Ga. App. 56, 58-59 (5) (209 SE2d 721) (1974) (where stolen goods were found in defendant's possession two days after burglary, evidence, though circumstantial, was sufficient to connect defendant with the crime of burglary).

7

errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.[10]

(a) Riles complains that his trial attorney rendered ineffective assistance by failing to investigate a potential alibi. He claims that he had always maintained that he had purchased the items from a man with a green truck, and that at the time of the burglary, he was on the motel phone with his father and later at a store. At the hearing on the motion for new trial, Riles testified that he had asked his trial attorney to obtain phone records from the motel and video surveillance footage from the store in order to prove his alibi, but that his attorney apparently failed to do so.

At the motion for new trial hearing, trial counsel testified that she had investigated Riles's claim that he had purchased the stolen items from an individual who drove a truck, but with no success. As to the phone records, Riles's attorney testified, "I don't remember . . .a discussion about any phone recordings." The attorney further testified that she and Riles had "never discussed getting any records or I don't remember his saying anything about a time," and she affirmed that if Riles

---

[10] *Lovelace v. State*, 262 Ga. App. 690, 694 (6) (586 SE2d 386) (2003) (footnote and emphasis omitted).

8

had given her enough information, she would have followed up on it. The trial court was authorized to believe trial counsel's testimony over that of Riles's.[11] When asked whether she and Riles had discussed a store video, Riles's trial attorney testified: "Not that I remember. I don't remember even hearing about a store." At the motion for new trial hearing, Riles did not tender in evidence the phone records or store video. Under these circumstances, Riles has not shown that his attorney performed deficiently, or a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.[12]

---

[11] See generally *Pattillo v. State*, 304 Ga. App. 344, 345 (696 SE2d 370) (2010); *Copeland v. State*, 276 Ga. App. 834, 838 (2) (a) (625 SE2d 100) (2005) (defendant's claim of error that his trial counsel was ineffective because he failed to obtain a tape of a telephone conversation failed where at hearing on the motion for new trial, trial counsel testified that defendant's testimony about a taped phone call at the new trial hearing was the first he had ever heard of a tape; the trial court was authorized to believe trial counsel's testimony as opposed to the defendant's).

[12] See generally *McDaniel v. State*, 279 Ga. 801, 803 (2) (d) (621 SE2d 424) (2005); *Woods v. State*, 275 Ga. 844, 849-850 (3) (d) (573 SE2d 394) (2002) ("[t]he failure of trial counsel to employ evidence cannot be deemed to be 'prejudicial' in the absence of a showing that such evidence would have been relevant and favorable to the defendant"; because appellant never introduced tape into evidence, it was not possible to determine what the tape showed and that it would have been relevant and favorable to the defendant; thus, "it is impossible for appellant to show there is a reasonable probability the results of the proceedings would have been different."); *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615-616 (458 SE2d 623) (1995); *Smith v. State*, 294 Ga. App. 692, 703 (10) (a) (iii) (670 SE2d 191) (2008) (defendant failed to present allegedly exculpatory documentary evidence at the motion for new trial

(b) Riles complains that his trial attorney rendered ineffective assistance by failing to present character witnesses on his behalf at trial.

"When considering the prejudicial effect of counsel's failure to call a witness, the court must consider whether the testimony proffered would have had an effect on the trial's outcome."[13] "To be admissible at trial, character testimony must rely on the defendant's general reputation in the community. . . . Without a proffer of evidence that would have been admissible and favorable to his case, [Riles] has failed to demonstrate a reasonable probability that the testimony of these witnesses would have affected the outcome at trial."[14] And here, "[Riles] did not proffer the testimony of any of these character witnesses. Where, as here, the defendant fails to proffer the

hearing, the purported documents were not part of the record, and so it was impossible for appellate court to determine if they actually would have helped his defense; thus, defendant failed to establish that his trial lawyer performed deficiently); *Navarro v. State*, 279 Ga. App. 311, 317 (4) (a) (630 SE2d 893) (2006) (defendant claimed that his trial attorney was ineffective for failing to obtain a surveillance video, which he suggested would have been exculpatory; but defendant did not tender the tape at the hearing on his motion for new trial, and thus, defendant failed to show that he was prejudiced by his attorney's failure to view the surveillance tape or tender it in evidence); *Spear v. State*, 271 Ga. App. 845, 846-847 (2) (610 SE2d 642) (2005).

[13] *Thomas v. State*, 282 Ga. 894, 895 (2) (a) (655 SE2d 599) (2008), citing *Goodwin*, supra.

[14] *Thomas*, supra at 896 (2) (a) (citations omitted).

testimony of an uncalled witness, he cannot prove that there is a reasonable probability that the trial would have ended differently."[15]

Moreover, at the hearing on the motion for new trial, Riles's trial attorney testified that she did not believe that she and Riles had discussed presenting character witnesses, and that in any event, had they discussed it, she "would not have presented character witnesses, due to Mr. Riles['s] past," which, she stated, included "a substantial history of prior burglaries." The attorney opined that presenting character witnesses would not have been helpful to Riles and that Riles would have been harmed had evidence of his criminal history been introduced. Here, the attorney's decision regarding "[w]hether to introduce character evidence and potentially open the door for impeachment [wa]s clearly one of tactics and strategy."[16]

(c) Riles complains that his trial attorney rendered ineffective assistance by failing to "object to the court's incorrect jury charge." In his appellate brief, however, Riles failed to indicate which part of the charge was incorrect; moreover, he failed to

---

[15] *Collins v. State*, 300 Ga. App. 657, 660 (3) (686 SE2d 305) (2009) (citation, punctuation and footnote omitted).

[16] *Washington v. State*, 276 Ga. 655, 659 (3) (c) (581 SE2d 518) (2003) (citation omitted); see *Howard v. State*, 310 Ga. App. 659, 664-665 (3) (a) (714 SE2d 255) (2011).

support this claim of error with any citation of authority or argument.[17] Thus, Riles has waived this alleged error.[18]

(d) Riles complains that his trial attorney rendered ineffective assistance by failing to "file necessary pre-trial motions." In his appellate brief Riles failed to state which pre-trial motions his trial attorney should have filed but did not file; and he failed to support this claim of error with any citation of authority or argument.[19] Thus, Riles has waived this alleged error.[20]

Accordingly, we conclude that the trial court's determination that Riles was not denied effective assistance of counsel was not clearly erroneous.[21]

*Judgment affirmed. Ellington, C. J., and Branch, J., concur.*

---

[17] See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Turner v. State*, 277 Ga. App. 205, 207 (2) (626 SE2d 176) (2006).

[18] See *Metoyer v. State*, 282 Ga. App. 810, 815 (2) (b) (640 SE2d 345) (2006).

[19] See Court of Appeals Rule 25 (c) (2); *Turner*, supra.

[20] See *Metoyer*, supra.

[21] See *Lovelace*, supra.