**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 20, 2014**

# In the Court of Appeals of Georgia

A14A0933. HARRIS v. THE STATE

RAY, Judge.

Following a bench trial, Gary Jerome Harris was convicted of burglary (O.C.G.A. §16-7-1) and felony theft by taking (O.C.G.A. §16-8-2). He appeals from his convictions and the denial of his motion for new trial, contending that the evidence was insufficient to support his conviction of burglary and that the State failed to prove that he unlawfully took auto parts exceeding $100 in value. We affirm the convictions. However, we find that the evidence was insufficient to prove that Harris had stolen auto parts that exceeded $100 in value. Therefore, we vacate the felony sentence for the theft by taking offense and remand the case with direction that the conviction and sentence be entered for misdemeanor theft by taking.

In determining sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and punctuation omitted.) *Stokes v. State*, 317 Ga. App. 435, 436 (731 SE2d 118) (2012). "In a bench trial, the trial court sits as the trier of fact and its findings cannot be set aside unless they are clearly erroneous. In Georgia, it is well-settled that the clearly erroneous standard for reviewing findings of fact is equivalent to the highly deferential any evidence test." (Citations and punctuation omitted.) Id.

The evidence shows that Richard Dozier owned a 31-acre plot of land located in McDuffie County where he once operated an auto recycling business known as Yodo's, Incorporated. On that land were two buildings in which he stored a substantial inventory of used automobile parts, including stockpiled radiators. Yodo's had closed several months prior to the incident at issue here, and Dozier secured the property with a fence and two padlocked gates. He testified that only his employees had permission to go onto the property.

On the morning of May 31, 2012, two of Dozier's employees went to the property to perform a security check. As they neared the front entrance, they observed

a black Saturn inside the premises leaving through the back gate of the property. When the employees went to intercept the vehicle, the vehicle swerved off the side of the road to get around the employees' van and then drove away. As it did, one of the employees recognized the driver as a man known by the nickname "Easy Fly," later identified as Harris. The employees also observed about five or six radiators in the back of the vehicle of a same or similar nature to those stored in the warehouse.

Upon investigation of the premises, the padlock on the rear gate of the property had been cut with bolt cutters and had been reinserted to appear locked, commonly referred to by law enforcement as a "dummy" lock. Multiple tire tracks led through that gate and to a loading dock located in the rear of one of the buildings. The point of entry for the building, a roll-up door, showed signs of forced entry. An examination of dust on the floor of the building indicated where items had previously sat. Dozier testified that he estimated over $6,000.00 worth of automotive parts were missing from his property, including tires, rims, and flywheels, but he could not testify that all of it was taken on the incident date. Among the missing auto parts were numerous radiators. With regard to the radiators specifically, Dozier estimated their value based off of past sales, which depended on the type of radiator, which averaged about $15 per radiator.

Following his arrest, Harris sought out Ronnie Lindsey, the employee who had identified Harris to law enforcement. Harris pleaded with Lindsey to "tell them people something different; you got to change your story; you got to tell them it wasn't me." When Lindsey refused , Harris told him that "[t]he only thing I ever went there and got was a battery. . . . I bet y'all didn't even miss the batteries." Lindsey recalled that a large amount of batteries were missing.

1. Harris contends that the evidence was insufficient for a rational trier of fact to convict him of burglary. We disagree.

A person commits the offense of burglary when he enters the building of another, without authority, and with the intent to commit a theft therein. O.C.G.A. §16-7-1 (c). The evidence, taken together, placed Harris at Dozier's warehouse and in possession of stolen property. Where a defendant is in recent possession of stolen goods, his guilt may be inferred where the evidence independently establishes an unauthorized entry. *Myles v. State*, 186 Ga. App. 817, 817 (2) (368 SE2d 574) (1988). "[T]he nearer the possession to the time of the theft, the stronger the inference of guilt." (Citation and punctuation omitted.) *Rivera v. State*, 293 Ga. App. 215, 217 (666 SE2d 739)(2008). Furthermore, "evidence of a defendant's attempt to influence

4

or intimidate a witness can serve as circumstantial evidence of guilt." (Citations omitted.) *Dukes v. State*, 290 Ga. 486, 488 (3) (722 SE2d 701 ) (2012).

First, witnesses observed five or six radiators in the back seat of Harris's car immediately after Harris exited the premises. While these radiators were not definitively traced back to Dozier's building, two of Dozier's employees recognized them as being similar to those that were missing from the warehouse. A "dummy" lock was found on the back gate, and tire tracks led up to the rear of the buildings where a roll-up door showed signs of forced entry. Two witnesses watched Harris drive his vehicle from that side of the building to a rear gate. The patterns of dust collected inside the warehouse indicated where items had been removed, specifically surrounding where radiators had sat. Lastly, Harris incriminated himself by swerving around the employees' van when leaving the property, by showing up at Lindsey's residence attempting to influence him into changing his story, and by making admissions which inculpated him in the crime.

We find that the above evidence was sufficient to authorize a rational trier of fact to find Harris guilty of burglary beyond a reasonable doubt.

2. Harris contends that the state failed to prove that he unlawfully took auto parts exceeding $100 in value. Specifically, he argues that 1) the State only proved

5

the taking of some radiators, not any other items; and 2) the number and value of the radiators that were taken was speculative. We agree, at least to the extent that the State did not prove that Harris stole automobile parts in excess of $100.

This case proceeded under former O.C.G.A. §16-8-12 (a) (5) (A),[1] which provided that a person shall be convicted of felony theft by taking if he unlawfully takes motor vehicle parts which exceed $100 in value. The value of the stolen property is not an element of the offense, but it is relevant for sentencing purposes. *Porter v. State*, 308 Ga. App. 121, 122 (2) (706 SE2d 620) (2011). Thus, under former O.C.G.A. §16-8-12, a person convicted of theft by taking of motor vehicle parts shall be convicted of a misdemeanor if the value does not exceed $100.

The trial judge convicted Harris of stealing property valued at $6,775 and, as a part of his sentence, ordered Harris to pay restitution in that amount. In ruling on the motion for new trial, however, the trial judge granted a "new trial" with regard to restitution. However, he denied the motion with regard to Harris's conviction of felony theft by taking, based on the number of radiators observed in his possession,

---

[1] The 2012 amendment, effective July 1, 2012, deleted the clause "if the property which was the subject of the theft was a motor vehicle or was a motor vehicle part or component which exceeded $100.00 in value."

6

the value of them assessed by Dozier, and Harris's statements to Lindsey that he had taken a battery or batteries at some point.[2]

Circumstantial evidence is sufficient to support a conviction when it excludes every reasonable hypothesis except the guilt of the accused. *Patterson v. State*, 159 Ga. App. 290, 294 (283 SE2d 294) (1981). The State need not remove every possibility of innocence of the crime charged. See *Rivera*, supra at 216. Questions of reasonableness are generally decided by trier of fact. *Id.*

The State argues that the evidence that Harris left through a back gate with radiators and the presence of multiple tire tracks in the area which indicated that multiple trips had been made was sufficient to prove that Harris stole all of the other items that were reported missing from the warehouse. While this evidence may prove that someone had made multiple trips to the warehouse, the only items observed in Harris's possession were the radiators. We find that the evidence is insufficient for a rational trier of fact to find that Harris stole all of the items that were reported missing from the warehouse.

---

[2] In sustaining the felony theft by taking conviction, the trial judge found that "[t]he value of batteries added to the value of the radiators would have exceeded $100.00 and supported Defendant's guilt of theft by taking motor vehicle parts exceeding $100.00."

7

However, the evidence is sufficient to show that Appellant unlawfully took radiators and at least one battery. Appellant was present on Dozier's property and in possession of radiators similar to those that had been taken from the warehouse, and he later told a witness that "the only thing I ever went there and got was a battery." Thus, the issue is whether there is any evidence to support the trial court's finding that these particular items exceeded $100 in value.

The proper measure of value "is the fair cash market value either at the time and place of the theft or at any time during the receipt or concealment of the property." (Punctuation and footnote omitted.) *Porter*, supra at 123 (2) (fair market value can be calculated by experience in buying that property or everyday knowledge of that property's value, but not where a property owner gave no reason for her opinion as to current fair market value of stolen property).

Here, the State presented evidence as to the fair market value of the radiators. Dozier testified to the process he used to calculate the value of the radiators, which was based on his experience dealing with such items in the ordinary course of his former business. He estimated the sale price between $5 and $55, depending on the type of radiator, but that the average fair market price was around $15. Because his calculation is based on his experience in selling radiators, it is sufficient to determine

value. The evidence shows that Harris had five or six radiators in his car, and at $15 per radiator, the overall value for these items would be $75-$90. The theft of these radiators falls short of the $100 threshold for a felony.

Furthermore, the trial court's inclusion of batteries in determining the value of the items taken was error. Even if Harris did steal one or more batteries at some point, the State failed to present any evidence whatsoever regarding the value or quantity of the batteries alleged to have been taken.

Although Harris was properly convicted of theft by taking, the evidence was insufficient to prove that the theft was of a felony amount. Accordingly, we must vacate the felony sentence for the theft by taking offense and remand the case with direction that a conviction and sentence be entered for misdemeanor theft by taking.

*Judgment affirmed part, vacated in part, and case remanded with direction. Andrews, P. J., and McFadden, J., concur.*