**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**April 30, 2013**

# In the Court of Appeals of Georgia

A13A0705. TEHRANI v. THE STATE.

RAY, Judge.

Following a jury trial, Hamid Nikomid Tehrani was found guilty beyond a reasonable doubt of criminal attempt to commit trafficking in cocaine. OCGA §§ 16-4-1, 16-13-31 (a) (1).[1] He appeals from his conviction and the denial of his motion for new trial, contending that the evidence was insufficient to support the verdict. For the following reasons, we affirm.

"On appeal from a criminal conviction, we no longer presume the defendant is innocent, and we view the evidence in the light most favorable to the jury's

---

[1] OCGA § 16-13-31 has been amended, effective July 1, 2012. However, subsection (a) (1) of the statute was not changed.

verdict." (Citation omitted.) *Green v. State*, 298 Ga. App. 17, 18 (679 SE2d 348) (2009).

Viewed in this manner, the trial evidence shows that in May of 2009, an investigator assigned to the narcotics unit of the Gwinnett County Police Department received information from an informant about an individual who was interested in purchasing cocaine. Using the information supplied by the informant, another investigator, posing as a drug dealer, contacted Tehrani and made arrangements to meet with him at the Gwinnett Place Mall to discuss the details for a possible drug transaction.

After arriving at the designated location, Tehrani negotiated to purchase one kilogram of cocaine from the undercover investigator. Tehrani told the undercover investigator that he did not have any cash, but that he owned a car dealership and would sign over a car to him in exchange for the cocaine. Tehrani and the undercover investigator eventually agreed to meet at the car dealership on May 14, 2009, to complete the drug transaction.

On May 14, 2009, the undercover investigator, with the assistance of other officers from the Gwinnett Police narcotics unit, executed a reverse sting operation at the car dealership. Another officer drove the undercover investigator to the car dealership and dropped him off to meet with Tehrani. The gate to the dealership was

locked at the time. Tehrani arrived approximately ten minutes later driving a Mercedes ML500, the car that he intended to trade for the kilogram of cocaine. The undercover investigator accompanied Tehrani into the dealership office, and the two men completed a bill of sale for the Mercedes. Once the bill of sale was executed, the other officer returned in his vehicle with the kilogram of cocaine. Tehrani got in the front passenger seat, the undercover investigator got in the back seat, and the undercover investigator reached into a book bag and retrieved a tightly wrapped package containing the kilogram of cocaine, showing it to Tehrani. Tehrani grabbed the package, placed it in his lap, and asked for a knife to cut open the package. When Tehrani cut into the package to examine the cocaine, the undercover investigator gave the "take-down" signal to the surveillance team, who then surrounded the vehicle. Tehrani was taken into custody.

After Tehrani was advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966), he agreed to speak with an investigator about the incident without counsel. Tehrani stated that he went to the dealership to purchase a kilogram of cocaine and that he intended to trade a car from his dealership in exchange for the cocaine. At trial, Tehrani testified in his own defense, admitting

3

to his participation in the drug transaction, but denying that he ever took possession of the package containing the cocaine.

In his sole enumeration of error, Tehrani contends that the evidence was insufficient to convict him. We disagree.

> When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted; emphasis in original.) *Nangreave v. State*, 318 Ga. App. 437, 438 (1) (734 SE2d 203) (2012).

"A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. Here, Tehrani was convicted of criminal attempt to commit trafficking in cocaine, which required proof that he attempted to knowingly possess 28 grams or more of cocaine or any mixture with a purity of 10

percent or more of cocaine. See OCGA § 16-13-31 (a) (1) (defining trafficking in cocaine).

The trial evidence established that Tehrani negotiated for and attempted to purchase one kilogram of cocaine from the undercover investigator. The trial evidence further showed that Tehrani took substantial steps and actively participated in the attempted drug offense by meeting with the undercover investigator at the designated location and at the arranged time for the purpose of conducting the transaction, and by executing the bill of sale for the Mercedes in exchange for the drug purchase. During the attempted drug transaction, Tehrani took possession of the package of cocaine and cut it open to examine its contents. Subsequent testing confirmed that the drug substance in the package was cocaine with a purity of 72.4 percent weighing approximately .975 kilograms, which exceeds 28 grams.

Based upon the combined evidence, the jury was authorized to find Tehrani guilty beyond a reasonable doubt of criminal attempt to commit trafficking in cocaine. See *Rainey v. State*, ___ Ga. App. ___ (1) (a) (Case No. A12A1828, decided February 22, 2013); *Toney v. State*, 304 Ga. App. 25, 29 (3) (695 SE2d 355) (2010).

*Judgment affirmed. Barnes, P. J., and Miller, J., concur.*