**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 28, 2021**

# In the Court of Appeals of Georgia

A21A0125. SLOANS v. THE STATE.

HODGES, Judge.

Following a jury trial, the Superior Court of Fulton County entered a judgment of conviction against Theodore Sloans for one count each of trafficking in cocaine (OCGA § 16-13-31) and tampering with evidence (OCGA § 16-10-94).[1] Sloans appeals from the trial court's denial of his motion for new trial as amended, arguing that (1) the trial court erred in denying his motion to sever a firearms count from the remaining drug counts; (2) the trial court erred in admitting other acts evidence; and (3) the evidence was insufficient to support his convictions. Finding no error, we affirm.

---

[1] The jury acquitted Sloans of additional counts of possession of a firearm by a convicted felon and possession of a firearm during the commission of a felony.

Viewed in a light most favorable to the verdict,[2] the evidence revealed that the Georgia Bureau of Investigation led a lengthy investigation into suspected drug "trap houses"[3] in south Fulton County. One such house was located on Old Bill Cook Road in College Park. Using confidential informants, GBI agents conducted a series of controlled buys from the house; buyers purchased a substance that field-tested positive for cocaine.

As a result of the controlled buys, agents secured a no-knock warrant for the house. When agents executed the warrant, they found Sloans and Dustin Smith tossing cocaine, packaging materials, and paper currency into an active fire. Agents recovered approximately 60 grams of cocaine, cash, scales, drug cutting agents, a police scanner, and video surveillance equipment. Agents also saw a handgun on a nearby table. In addition, a Chevrolet Caprice found outside the house had been seen

---

[2] See, e.g., *Tehrani v. State*, 321 Ga. App. 685, 686-687 (742 SE2d 502) (2013).

[3] A "trap house" is generally defined as "a building used mainly for distributing drugs." *Scott v. State*, 326 Ga. App. 115, 117 (756 SE2d 220) (2014); see also *Boyd v. State*, 291 Ga. App. 528, 529 (662 SE2d 295) (2008) (defining a "trap house" as a "regular dope house used to sell and store the drugs, but basically nonlived-in") (punctuation omitted).

at other suspected trap houses, and the keys to both the house and the vehicle were found in Sloans' possession.

A Fulton County grand jury indicted Sloans for one count each of trafficking in cocaine, possession of a firearm by a convicted felon, possession of a firearm during the commission of a felony, and tampering with evidence.[4] Sloans and Smith proceeded to trial jointly; the trial jury acquitted Smith of each charge he faced and Sloans of both firearms counts, but returned guilty verdicts against Sloans for trafficking in cocaine and tampering with evidence. The trial court denied Sloans' motion for new trial as amended, and this appeal followed.

At the outset, we note that Sloans' appellate brief does not contain a single citation to "the parts of the record or transcript essential to a consideration of the errors[.]" (Emphasis supplied.) Court of Appeals Rule 25 (a) (1); see also Rule 25 (c) (2) (i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of a specific reference, the Court will not search for and may not consider that enumeration."), Rule 25 (c) (3) ("Reference to an electronic record should be indicated by the volume number of the electronic

---

[4] Smith was indicted for one count each of trafficking in cocaine, possession of oxycodone, and possession of a firearm during the commission of a felony.

3

record and the PDF page number within that volume (Vol. Number - PDF Page Number; for example, V2-46).").

> Our requirements for appellate briefs were created not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court. Further, this Court will not cull the record in search of error on behalf of a party. Accordingly, if we have missed something in the record or misconstrued an argument, the responsibility rests with counsel.

(Citation and punctuation omitted.) *Biggins v. State*, 322 Ga. App. 286, 287-288 (1) (744 SE2d 811) (2013). Furthermore, we are authorized to dismiss a party's appeal under such circumstances. See *Patterson v. State*, 327 Ga. App. 695, 696 (1) (761 SE2d 101) (2014); Court of Appeals Rule 25 (c) (2) (i). However, in view of the record citations contained in the State's brief, we will consider Sloans' arguments to the extent possible.

1. Considering Sloans' third enumeration of error first,[5] he argues — without citation of authority or citation to the record[6] — that the evidence was insufficient to

---

[5] See *Porter v. State*, 358 Ga. App. 442, 443 (1), n. 2 (855 SE2d 657) (2021) ("For convenience of discussion, we have taken the enumerated errors out of the order in which [Sloans] has listed them.") (citation and punctuation omitted).

[6] See Court of Appeals Rules 25 (a) (3) (appellant's brief "shall contain the argument and *citation of authorities*") (emphasis supplied), 25 (c) (2) ("Any

4

support his convictions only because the State tested "only a small sample" of the suspected cocaine seized and that a "co-defendant's testimony should . . . be disregarded as self-serving and lacking in credibility." This argument is not persuasive.

> On appeal from a criminal conviction,
>
> we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citation and punctuation omitted.) *Johnson v. State*, 338 Ga. App. 500 (790 SE2d 291) (2016). To that end, "as long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict." (Citation and punctuation omitted.) *Wickerson v. State*, 321 Ga. App. 844, 849 (1) (743 SE2d 509) (2013).

(a) *Testing of a Representative Sample*. Sloans first contends that the evidence was insufficient because the State tested "only a small sample" of the suspected

---

enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."), 25 (c) (2) (i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript.").

cocaine seized. Although the State's forensic chemist received three bags of a powdery substance for testing, she only tested the contents of one bag, which weighed 57.25 grams and demonstrated a cocaine purity of 65 percent. These amounts were sufficient to trigger the initial threshold of the trafficking statute.[7] See OCGA § 16-13-31 (a) (1) ("[A]ny person who sells, manufactures, delivers, or brings into this state or who is in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine. . . ."). And contrary to Sloans' argument, "this Court has previously held that the testing of representative samples is sufficient to support a conviction for trafficking in the entire amount." (Citation and punctuation omitted.) *Salinas v. State*, 313 Ga. App. 720, 725 (2) (722 SE2d 432) (2012).

(b) *Credibility of Co-Defendant's Testimony*. Sloans further asserts that the evidence was insufficient because a co-defendant's testimony should be "disregarded as self-serving and lacking in credibility." However, and as Sloans acknowledges, "[t]hese matters . . . concern the weight of the evidence and the credibility of the witnesses, and, as such, they provide no basis for reversal." *Chauncey v. State*, 283

---

[7] Together, the three bags did not weigh "200 grams or more," which is the next weight threshold of the trafficking statute. See OCGA § 16-13-31 (a) (1) (B).

6

Ga. App. 217, 219 (1) (641 SE2d 229) (2007) ("Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the verdict.") (citation and punctuation omitted); see also *Wright v. State*, 319 Ga. App. 723, 726-727 (1) (738 SE2d 310) (2013).

For the foregoing reasons, Sloans' first enumeration fails.

2. Next, Sloans asserts that the trial court erred in admitting prior acts evidence because the acts were too remote, unduly prejudicial, and "the State did not need them given the strength of the case."[8] This enumeration is without merit.

Prior to trial, the State notified Sloans of its intent to introduce evidence of three prior incidents in order to show Sloans' "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Each incident involved acts in Fulton County that resulted in convictions for possession of cocaine with intent to distribute in 2002, 2003, and 2009:

> (a) *2002 Conviction*. When officers performed a directed patrol at an apartment complex in Fulton County, Sloans spotted the marked patrol

---

[8] But see Division 1, supra.

7

car and ran. Officers tackled Sloans and recovered a firearm and 15 hits of crack cocaine on his person. Sloans pled guilty to possession of cocaine with intent to distribute.

(b) *2003 Conviction*. As part of a narcotics investigation in College Park, officers spotted Sloans getting in a vehicle. When officers initiated a traffic stop, Sloans fled. Officers apprehended Sloans following a foot chase and discovered a firearm and 10 small chunks of crack cocaine on Sloans' person. Sloans pled guilty to a charge of possession of cocaine with intent to distribute.

(c) *2009 Conviction*. During a routine patrol of a high-crime apartment complex, officers noted increased foot traffic at a specific apartment. In a controlled buy, an investigator observed a confidential informant making a hand-to-hand purchase of cocaine from Sloans at the apartment. A search of the apartment pursuant to a warrant yielded cocaine, razor blades with suspected cocaine residue, and scales. Sloans pled guilty to possession of cocaine with intent to distribute.

During an extended pre-trial hearing, the State refined its motion and asked to admit the other acts evidence to show Sloans' "intent, motive, and knowledge" to contradict

his anticipated defenses of lack of knowledge and mere presence. In response, Sloans argued primarily that the evidence was "more prejudicial than probative" and characterized it as "propensity" evidence. The trial court concluded that the State's purposes for admitting the evidence were acceptable and that "the probative value of those three prior bad acts, the convictions, outweigh the prejudicial value at this point. . . ." Moments later, the trial court added that it found "that the 404 (b) evidence is admissible pursuant to 403 as well. I don't find that it is unduly prejudicial, I also don't find that it would confuse the jury as to what this particular case is about." At trial, the State presented copies of the indictments and convictions from the three prior acts as well as the testimony of the arresting officers.

As a general matter,

[e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

OCGA § 24-4-404 (b). To that end, we apply

a three-part test to determine whether other acts evidence is admissible under Rule 404 (b): (1) the evidence must be relevant to an issue other than the defendant's character, (2) the evidence must satisfy the

9

requirements of OCGA § 24-4-403 ("Rule 403"), and (3) the State must offer sufficient proof for the jury to find that the defendant committed the act.

(Citations and punctuation omitted.) *Naples v. State*, 308 Ga. 43, 49-50 (2) (e) (838 SE2d 780) (2020). "A trial court's decision to admit other acts evidence will be overturned only where there is a clear abuse of discretion." Id. at 50 (2) (e); see also *Gunn v. State*, 342 Ga. App. 615, 620 (1) (804 SE2d 118) (2017) ("[W]e review the admission of Rule 404 (b) evidence for a clear abuse of discretion, a review requiring the appellate court to make a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness.") (citation and punctuation omitted).

Sloans' argument — that the trial court failed to consider the alleged remoteness of Sloans' other acts and the State's need for the evidence — implicates only the second prong of our analysis. OCGA § 24-4-403 permits the exclusion of otherwise relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice[.]" Furthermore,

> it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter. As we have noted, OCGA

§ 24-4-403 offers "an extraordinary remedy that must be used sparingly because it results in the exclusion of concededly probative evidence." [Therefore,] [i]n close cases, the balance is struck in favor of admissibility.

(Citations, punctuation, and emphasis omitted.) *Chase v. State*, 337 Ga. App. 449, 455 (3) (a) (787 SE2d 802) (2016).

Here, Sloans has not demonstrated that the trial court's analysis was improper or that the prejudicial effect of the other acts evidence outweighed its probative value. First, despite Sloans' failure to cite any authority in support of his argument that the other acts were too remote, see Court of Appeals Rule 25 (c) (2), we conclude that the 12-, 11-, and 5-year intervals between Sloans' other acts and the crimes charged in this case were not "too remote to erode the probative value of the prior conviction[s]." *Gunn*, 342 Ga. App. at 621-622 (1), n. 26 (finding 11-year span was not too remote). Second, to combat Sloans' argument that he was merely present when the cocaine was found, the prosecutorial need for the evidence was heightened because the State needed to demonstrate that he actively participated in the crime. See, e.g., *Fleming v. State*, 306 Ga. 240, 248 (3) (b) (830 SE2d 129) (2019) ("[T]he State had a high prosecutorial need for the other acts evidence, as the State needed to overcome Fleming's defense that he was merely present at the scene of the crime[.]"); see also

11

*Kirby v. State*, 304 Ga. 472, 483 (4) (a) (i) (819 SE2d 468) (2018) ("The high prosecutorial need for [other acts] evidence . . . greatly increases its probative value."); *Westbrook v. State*, 355 Ga. App. 334, 337 (2) (844 SE2d 208) (2020) (finding that showing defendant's actual participation in crime, rather than mere presence, was "crucial" to State's case). As a result, Sloans has not shown that the trial court abused its discretion.

3. Finally, Sloans argues that the trial court erred in denying his motion to sever his possession of a firearm by a convicted felon count from the remaining drug counts. In particular, Sloans contends that his firearms charge "justified the introduction of certain similar transactions," which ultimately prejudiced his case. We find no error.

"[W]here the joinder of charges is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance lies within the sound discretion of the trial judge since the facts in each case are likely to be unique." (Citation and punctuation omitted.) *Rodriguez v. State*, 309 Ga. 542, 547 (2) (847 SE2d 303) (2020).

> In such a case, the trial court should grant a severance of offenses if it
> is deemed appropriate to promote a fair determination of the defendant's

12

guilt or innocence of each charge; in this regard, the question for decision is whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

(Citation omitted.) Id. "We will not disturb the trial court's ruling on a motion to sever unless it resulted from an abuse of discretion." *Daugherty v. State*, 283 Ga. App. 664, 668 (2) (642 SE2d 345) (2007).

Relevant to this appeal, Sloans filed a pre-trial motion to sever the charge of possession of a firearm by a convicted felon from his remaining charges, chiefly arguing that his felon-in-possession charge "necessarily entails the introduction of evidence of [his] character" and that severance was necessary to preserve his presumption of innocence.[9] Following a brief discussion immediately prior to trial, the trial court denied Sloans' motion, finding that Sloans' prior convictions would come in "for other legitimate purposes" and that, as a result, the prejudicial effect of the evidence "goes away. . . ."

---

[9] During trial, Sloans twice renewed his motion to sever his trial from that of his co-defendant. The trial court denied Sloans' motions, and he does not enumerate those decisions as error here.

13

We find no abuse of discretion. At the outset, we note that the jury acquitted Sloans of the charge of possession of a firearm by a convicted felon.[10] Therefore, we need not consider Sloans' argument further. See *Hayes v. State*, 182 Ga. App. 26, 27 (1) (354 SE2d 655) (1987) (declining to consider severance argument "[s]ince any possible error resulting from the failure to sever Count Three in the instant case has been rendered harmless by the acquittal on that count"). Nevertheless, as discussed in Division 2, infra, Sloans' prior convictions were independently admissible as other acts evidence and were properly admitted to show his intent, motive, and knowledge. See *Barnes v. State*, 287 Ga. 423, 426 (4) (696 SE2d 629) (2010). "Thus, the prior felony conviction[s] [were] legally material to the other charges in this case and bifurcation was unnecessary." Id. at 426-427 (4). Accordingly, this enumeration is without merit.

In sum, we conclude that Sloans has failed to demonstrate that the evidence was insufficient to support his convictions. Likewise, we find no abuse of the trial court's discretion in permitting the State to introduce other acts evidence and in denying Sloans' motion to sever his firearms possession charge from his remaining

---

[10] See n. 1, supra.

14

charges. Therefore, we affirm the trial court's order denying Sloans' motion for new trial as amended.

*Judgment affirmed. Miller, P. J., and Pipkin, J., concur.*